# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID COOK, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | CAUSE NO. 4:20-CV-03811 |
| v. | ) | |
| | ) | |
| ROWAN COMPANIES, INC. and | ) | |
| ROWAN DRILLING (U.K.) LIMITED, | ) | |
| | ) | |
| *Defendants.* | ) | |

## DEFENDANT ROWAN COMPANIES, LLC'S MOTION TO DISMISS
## FOR FORUM NON CONVENIENS

Respectfully submitted,

BROWN SIMS, P.C

By:
Michael D. Williams
Southern District I.D. No. 6982
*mwilliams@brownsims.com*
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (facsimile)

*Of Counsel:*

Allen D. Hemphill
Texas Bar No. 00796740
ahemphill@brownsims.com
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (facsimile)

*Attorney in Charge for Defendant,*
*Rowan Companies, LLC f/k/a Rowan Compa-*
*nies, Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. 1

I.    Summary ................................................................................................................ 3

II.   Factual Background ............................................................................................... 4

III.  Nature and Stage of the Proceedings..................................................................... 7

IV.   Issues to Be Ruled Upon and Standard of Review................................................. 8

V.    Argument and Authorities...................................................................................... 9

   A.   The United Kingdom is an alternative, adequate, and available forum. ........... 9

   B.   Public factors militate dismissal......................................................................... 11

   C.   Private factors weigh in favor of dismissal. ....................................................... 13

VI.   Conclusion and Prayer for Relief ......................................................................... 16

## TABLE OF AUTHORITIES

*ACE Am. Ins. Co. v. M-I, L.L.C.*, 699 F.3d 826 (5th Cir. 2012) .......................................4

*Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824 (5th Cir. 1993)......................................8, 10

*Beijing iQIYI Science & Tech. Co. v. iTalk Global Communs, Inc.*, No. 6-19-CV-00272-ADA,

2019 U.S. Dist. LEXIS 216697 (W.D. Tex. Dec. 17, 2019) .........................................8

*Cent. Va. Cmty. Coll. v. Katz*, 546 U.S. 356, 126 S. Ct. 990 (2006) ...................................7

*Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331 (5th Cir. 1999)......................................13

*Forsyth Int'l (U.K.) Ltd. v. SS Penavel*, 630 F. Supp. 61 (S.D. Ga. 1985) ...................................12

*Gonzalez v. Chrysler Corp.*, 301 F.3d 377 (5th Cir. 2002)......................................9, 10

*Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778 (5th Cir. 2009).........................5

*Great Prize, S.A. v. Marnier Shipping Pty., Ltd.*, 967 F.2d 157 (5th Cir. 1992) ...........................8

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S. Ct. 839 (1947) .......................................13

*In re Brown*, 521 B.R. 205 (S.D. Tex. 2014) .................................................7

*In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009).................................................11

*In re Wilmer Cutler Pickering Hale & Dorr LLP*, No. 05-08-01395-CV, 2008 Tex. App. LEXIS

9692, 2008 WL 5413097 (Tex. App.—Dallas Dec. 31, 2008, orig. proceeding [mand. denied])

(mem. op.)..............................................................................15

*InduSoft, Inc. v. Taccolini*, 560 Fed. Appx. 245 (5th Cir. 2014) ...................................8

*Perez & Compania (Cataluna), S.A. v. M/V Mexico I*, 826 F.2d 1449 (5th Cir. 1987)...........12, 13

*Perez Y. Compania (Cataluna), S.A. v. Triton Pac. Maritime Corp.*, 647 F. Supp. 556 (S.D. Tex.

1986) .................................................................................12

*Picco v. Global Marine Drilling Co.*, 900 F.2d 846 (5th Cir. 1990) ...........................................10

*Punyee ex rel. Doe v. Bredimus*, No. 3:04-CV-0893-G, 2004 U.S. Dist. LEXIS 22762 (N.D. Tex. Nov. 5, 2004) ................................................................................................................10

*Quintero v. Klaveness Ship Lines*, 914 F.2d 717 (5th Cir. 1990) ...................................................9

*Royal Ten Cate USA, Inc. v. TT Investors, Ltd.*, 562 Fed. Appx. 187 (5th Cir. 2014) .............8, 11

*Sinochem International Co. v. Malaysia International Shipping Corp.*, 549 U.S. 422, 127 S. Ct. 1184 (2007) ................................................................................................................9

*Woodlands Dev., LLC v. Regions Bank*, No. 13-514, 2013 U.S. Dist. LEXIS 89029 (E.D. La. Jun 24, 2013) ................................................................................................................9


28 U.S.C. § 1783 (2018) ...............................................................................................................13

FED. R. CIV. P. 45 ........................................................................................................................13

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DAVID COOK, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | CAUSE NO. 4:20-CV-03811 |
| v. | ) | |
| | ) | |
| ROWAN COMPANIES, INC. and | ) | |
| ROWAN DRILLING (U.K.) LIMITED, | ) | |
| | ) | |
| *Defendants*. | ) | |

**ROWAN COMPANIES, LLC'S MOTION TO DISMISS
FOR FORUM NON CONVENIENS**

To the Honorable Judge Sim Lake:

Defendant, Rowan Companies, LLC f/k/a Rowan Companies, Inc. ("Defendant"), files its Motion to Dismiss for Forum Non Conveniens. In support of the foregoing, Defendant will respectfully show onto the Court as follows:

## I.    SUMMARY

This case should not have been filed in Texas. Plaintiff, a citizen of the United Kingdom with no connection to the United States, brought his personal injury suit against a British company that hired his British employer to perform work on a project taking place in Scotland.

Plaintiff's employment agreement mandates the forum in the United Kingdom, Defendant and Rowan UK are amenable to process in the United Kingdom, the vast majority of key witnesses are in the United Kingdom, and the documentary evidence is subject to the subpoena powers of British courts alone. The allegedly unseaworthy rig, on which Plaintiff was working, is based in the United Kingdom and can be found there or in the adjacent North Sea.

3

Plaintiff filed his suit in Harris County, Texas. Defendant properly removed this case on November 9, 2020. Defendant now seeks dismissal for forum non conveniens because the law of Scotland applies to Plaintiff's personal injury claims accruing in Scotland, and because the relevant evidence, parties, and witnesses are located in the United Kingdom. This case should be dismissed in favor of a forum in Scotland.

## II.   FACTUAL BACKGROUND

Plaintiff, a citizen of the United Kingdom,[1] works through his company, DC Tuning Engineering Services LTD ("DC Tuning"),[2] which is incorporated under the laws of England and Wales.[3] Plaintiff and DC Tuning entered an agreement to work for Stowen Ltd. ("Stowen") in connection with a maintenance project involving the drilling rig Gorilla VII scheduled to take place in a shipyard in Dundee, Scotland.[4] Plaintiff's agreement with Stowen mandated the forum in the United Kingdom for all claims Plaintiff might assert against Stowen, Defendant, or Rowan UK, including the claims like the ones presently asserted.[5]

Stowen is a United Kingdom company.[6] Stowen was working under a contract with Rowan UK to perform the work on the Gorilla VII.[7] The Gorilla VII has operated in the area of the North

---

[1] See Plaintiff's Original Petition at ¶2.1; see also Declaration of Kay Springham at p. 2, attached hereto as "Exhibit B."

[2] See Records of Profit and Loss for DC Tuning, attached hereto as "Exhibit A."

[3] See Exhibit B, at 2.

[4] See Project Work Agreement between Stowen and David Cook, attached hereto as "Exhibit C."

[5] Id.

[6] See Exhibit B.

[7] See Master Service Agreement, Amendment No. 1 and Purchase Order, attached hereto as "Exhibit D." On July 21, 2015, Petrus Oil and Gas Limited entered into a Master Services Agreement with Rowan Companies, Inc. On March 7, 2016, Petrus Oil and Gas Limited began operating under the entity name of P-Tech Energy Ltd. On May 17, 2016, P-Tech Energy Ltd. began operating under the entity name of Stowen, Ltd. On June 28, 2016, Rowan Companies, Inc., and Petrus Oil and Gas Limited entered into Amendment No. 1 to the Master Services Agreement whereby they agreed that effective May 17, 2016, all references in the Master Services Agreement to Petrus Oil and Gas Limited would be replaced with Stowen, Ltd. The purchase order for this specific work came from Rowan UK. *See ACE Am.*

4

Sea since 2011,[8] and it is based out of Scotland, the United Kingdom.[9] Plaintiff was injured on April 4, 2018, while on the Gorilla VII when a section of drill pipe rolled onto his right leg.[10] The Gorilla VII was jacked up on its legs at a shipyard in Dundee, Scotland when Plaintiff was injured.[11] All of Plaintiff's work on the project took place in Dundee, Scotland.[12]

The workers on the Gorilla VII – workers who witnessed the accident, the aftermath of the accident, the circumstances leading to the accident, and the safety practices followed on the Gorilla VII – were almost entirely from Scotland in the United Kingdom and were not from Texas or the United States.[13]

Plaintiff was taken to Ninewells Hospital in Dundee, Scotland, for emergency medical care.[14] Plaintiff's medical care was provided by British doctors at British facilities run by the National Health Service, at no cost to Plaintiff.[15]

---

*Ins. Co. v. M-I, L.L.C.*, 699 F.3d 826, 831 (5th Cir. 2012)(explaining that, in the case of blanket contracts like a master services agreement, the agreement must be interpreted in conjunction with the implementing purchase order, and the situs of the work relevant to contract interpretation is that of the short term work in the work order*) (citing *Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778, 784 (5th Cir. 2009) (en banc)). This agreement provided that the entity issuing the purchase order "shall be deemed to be the "CONTRACTOR" for all purposes under such Purchase Order." *See* Exhibit D, at ¶ 1.6(a).

[8] *See* Deposition Testimony of Vincent Rivera at 70:14-16, attached hereto as "Exhibit E."

[9] The Offshore Installation Manager ("OIM") for the Gorilla VII, Andy Barker, is a citizen of the United Kingdom. (*See* Exhibit E, at 18:6-10.  *See* Exhibit E, at 70:17-71:3 (the crewmembers reach the Gorilla VII either by helicopter from the Aberdeen heliport when the rig is out to sea or drive to Dundee, Scotland when the rig is in port).

[10] *See* Pl.'s Orig. Pet., at ¶ 4.2, *see also* Injury/Illness Incident (Form 101), attached hereto as "Exhibit F."

[11] *See* Exhibit E at 38:20-39:2.

[12] *See* Exhibit C.

[13] *See* Rowan Companies, Inc.'s First Supp. Resps. to Pl.'s Request for Disclosure, and Pl.'s Resps. to Rowan Companies, Inc.'s Request for Disclosure, attached hereto as "Exhibits G and H," respectively (Neil Matheson, Matthew Rex, Kurt Ford, John Paul Brophy, Graham Cuthbert, Ewan McDonald and Craig George were interviewed in connection with the incident report and five were United Kingdom residents, one was an Australian resident (Ewan McDonald) and one was a resident of Thailand (Matthew Rex)*), See also* Exhibit F and Exhibit E, at 67:5-7.

[14] *See* Exhibit H.

[15] *See id*.

The Offshore Installation Manager ("OIM") is ultimately responsible for all of the operations on the Gorilla VII.[16] The OIM has the overall authority to determine what is safe on the rig and has the authority to determine if any changes in policy or procedure specific to his or her rig is needed. [17] The OIM reports to the rig manager who, in turn, reports to an operations manager both of whom are located in Aberdeen, Scotland.[18]   The operations manager reports to a vice-president who is also located in Aberdeen.[19]

Plaintiff brought an action against Defendant and Rowan Drilling (U.K.) Limited ("Rowan UK") in the District Court of Harris County, Texas, on October 22, 2019.[20] The case was docketed as Cause No. 2019-77381, *David Cook v. Rowan Companies, Inc. a/k/a Rowan Drilling and Rowan Drilling (U.K.) Limited*, in the 113th District Court of Harris County, Texas. Plaintiff pleaded that he brought his claims pursuant to the laws of the Marshall Islands, "which specifically incorporate and apply the non-statutory general maritime law of the United States of America."[21] Plaintiff pleaded general maritime law causes of action.[22] Defendant pleaded that the laws of Scotland applied to Plaintiff's asserted causes. In other words, this case is not and has never been premised on Texas law.

---

[16] *See* Exhibit E, at 17:22-18:18.

[17] *Id.* at 29:23-30:9 and 30:21-31:1.

[18] *Id.*, at 42:4-13.

[19] *Id.*, at 42:12-16.

[20] Pl.'s Orig. Pet., on file with the Honorable Court as Dkt. 1, Exhibit C-1.

[21] *Id.*, at ¶ 4.1.

[22] *Id.*, at ¶¶ 5.1-7.3.

Defendant removed the case to this Court on November 9, 2020. Dkt. 1. In his state court Petition, Plaintiff plead that he was a citizen of the United Kingdom.[23] Defendant, Rowan Companies LLC f/k/a Rowan Companies, Inc., is a Delaware corporation with the right to transact business in Texas. Rowan Drilling (U.K.) Limited ("Rowan UK") is a United Kingdom limited company that does not conduct business in Texas. The estate of Rowan UK is a part of the consolidated bankruptcy action. Dkt. 1. Rowan UK filed a Special Appearance in the state court action and has not made any other pleadings or consented to personal jurisdiction in Texas.[24]

The bankruptcy estates of both Defendants submitted to the Bankruptcy Court's *in rem* jurisdiction solely for the purposes of the bankruptcy proceedings. *In re Brown*, 521 B.R. 205, 216 (S.D. Tex. 2014) (bankruptcy is a type of *in rem* jurisdiction) (citing *Cent. Va. Cmty. Coll. v. Katz*, 546 U.S. 356, 362 (2006)).

## III.    NATURE AND STAGE OF THE PROCEEDINGS

Defendant removed the case from the Harris County District Court under 28 U.S.C. § 1452 on November 9, 2020. Dkt. 1. Discovery in the state proceeding was limited to issues related to Rowan UK's Special Appearance. The state court did not rule on the Special Appearance or issue any substantive orders. This Motion is dispositive of all issues before the Court and promotes judicial economy and expeditious resolution of the dispute, without increasing the costs for the parties.

---

[23] *Id*. at ¶ 2.1.

[24] The hearing on Rowan UK's Special Appearance was held in July 2020.  However, as of the date of removal, the state court had not issued a ruling.

## IV.   ISSUES TO BE RULED UPON AND STANDARD OF REVIEW

The sole issue before the Court is whether this suit should be dismissed in favor of a foreign forum, given the tangential connection between the claims asserted and the United States.

The court's power to effect foreign transfers through the doctrine of forum non conveniens derives from the court's inherent power to control the administration of the litigation before it and to prevent its process from becoming an instrument of abuse, injustice, or oppression. *Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824, 828 (5th Cir. 1993).

Defendant bears the burden of invoking the doctrine of forum non conveniens and moving to dismiss in favor of a foreign forum. *InduSoft, Inc. v. Taccolini*, 560 Fed. Appx. 245, 248 (5th Cir. 2014). To obtain a forum non conveniens dismissal, the moving party must demonstrate that (a) an available and adequate alternative forum exists; and (b) the balance of relevant public and private interest factors favor dismissal. *Royal Ten Cate USA, Inc. v. TT Investors, Ltd.*, 562 Fed. Appx. 187, 189 (5th Cir. 2014).

Defendant may rely on the presumption that the foreign forum is adequate. *Id.* at 248-9. The burden is on the plaintiff to rebut the presumption of adequacy. *Id.*

Convenience of the parties is the cornerstone of the court's factor-specific inquiry. *Great Prize, S.A. v. Marnier Shipping Pty., Ltd.*, 967 F.2d 157, 160 (5th Cir. 1992). While deference is given to the plaintiff's choice of forum under normal circumstances, the deference is of little concern to the court when the plaintiff is foreign. *Beijing iQIYI Science & Tech. Co. v. iTalk Global Communs, Inc.*, No. 6-19-CV-00272-ADA, 2019 U.S. Dist. LEXIS 216697, at *26 (W.D. Tex. Dec. 17, 2019) (citing *Piper Aircraft v. Reyno*, 454 U.S. 235, 255 (1981)).

When multiple issues are pending before the court, such as remand, abstention, and personal jurisdiction, the courts in this Circuit favor resolving matters of forum non conveniens first,

8

in the interest of judicial economy. *See, e.g.*, *Woodlands Dev., LLC v. Regions Bank*, No. 13-514, 2013 U.S. Dist. LEXIS 89029, at *11-12 (E.D. La. Jun 24, 2013) (citing *Sinochem International Co. v. Malaysia International Shipping Corp.*, 549 U.S. 422, 431-2, 127 S. Ct. 1184 (2007)).

Dismissals for forum non conveniens are final and immediately appealable court orders. *Moreno v. LG Elecs., USA, Inc.*, 800 F.3d 692, 696 n. 3 (5th Cir. 2015). Orders denying dismissal on forum non conveniens grounds are non-appealable interlocutory orders. *Partrederiet Treasure Saga v. Joy Mfg. Co.*, 804 F.2d 308, 309 (5th Cir. 1986).

## V.   ARGUMENT AND AUTHORITIES

A.   *The United Kingdom is an alternative, available, and adequate forum.*

An alternative forum exists where the defendant is amenable to process. *Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 380 (5th Cir. 2002) (citing *Piper Aircraft Co.*, 454 U.S. at 255 n. 22). Rowan UK and Defendant are both amenable to process in United Kingdom by operation of law.[25] The United Kingdom, therefore, is an alternative forum for Plaintiff's claims.

The alternative forum is available "when all the parties to the case can be brought within the jurisdiction of that forum." *Quintero v. Klaveness Ship Lines*, 914 F.2d 717, 728 (5th Cir. 1990), *cert. denied*, 499 U.S. 925 (1991). Defendant's submission to the jurisdiction of the forum makes that forum available for the forum non conveniens analysis. *Id*.

Defendant, Rowan UK and Plaintiff are subject to the jurisdiction of British courts by operation of law.[26] Thus, the United Kingdom is an available alternative forum for Plaintiff to litigate his claims.

---

[25] Exhibit B, at 2-3.

[26] *Id*.

The foreign forum is adequate when it offers a remedy for the plaintiff's claims, and there is no danger that plaintiff will be treated unfairly. *Punyee ex rel. Doe v. Bredimus*, No. 3:04-CV-0893-G, 2004 U.S. Dist. LEXIS 22762, at *18 (N.D. Tex. Nov. 5, 2004) (citing *Piper Aircraft*, 454 U.S. at 255). The United Kingdom is an adequate forum for claims like Plaintiff's as a matter of law. *Gonzalez*, 301 F.3d at 380 (interpreting the holding in *Piper Aircraft*).

Plaintiff may argue that the Section 362 bankruptcy stay renders the United Kingdom unavailable. Such argument is unsupported by applicable law. In *Baumgart*, the defendant moved the Western District to dismiss for forum non conveniens during the pendency of Section 362 stay. 891 F.2d at 828. The District, in a decision upheld by the Fifth Circuit, appropriately exercised its powers and lifted the stay through its sister Bankruptcy Court prior to granting defendant's forum non conveniens motion. *Id.*

Similarly, this Court would be within its discretion to order a determination on the lift of stay from the Southern District Bankruptcy Court prior to rendering a decision on this Motion. *See Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990).

In any event, Plaintiff is *already allowed to "seek to recover from the [Defendants] by way of settlement or judgment the proceeds of the [Defendants'] insurance policies, their indemnitors' assets, or their indemnitors' insurance policies without further approval of the [Bankruptcy] Court."*[27] That relief was granted to Plaintiff in addition to being allowed to proceed in Harris County.[28] In other words, Plaintiff is not limited to pursuing his claims exclusively in Harris County.

---

[27] Joint Stipulation and Agreed Order between Defendant and David Cook for Limited Relief from Automatic Stay, at ¶ 2, attached hereto as "Exhibit I."

[28] *Id.*

Furthermore, no matter which court renders a judgment on Plaintiff's claims, Harris County or its British counterpart, Plaintiff will need to go back to the Southern District Bankruptcy Court if he obtains recovery in excess of the proceeds of the Defendant and Rowan UK's insurance policy limits or indemnities.[29]

Plaintiff's case is further not in the Harris County court any longer. Plaintiff can only rely on the quoted language of the relief order allowing him to seek recovery from Defendant by way of judgment in the other fora, due to the cumulative nature of the Section 362 relief granted to Plaintiff by the Bankruptcy Court.[30] Plaintiff is not precluded from seeking to recover the proceeds of Defendant and Rowan UK's insurance policies by the automatic stay.

### B. *Public factors militate dismissal.*

When evaluating the public interest factors, a court should consider: (1) the administrative difficulties that follow for courts when litigation is piled up in congested centers instead of being handled at its origin; (2) jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation; (3) local interest in having localized controversies decided at home; and (4) the governing law. *Royal Ten Cate USA*, 562 Fed. Appx. at 190.

The relevant inquiry under the congestion factor is "the speed with which a case can come to trial and be resolved." *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). It takes, on

---

[29] *Id.*

[30] Plaintiff is allowed to "(a) pursue his state court claim in the 113th District Court of Harris County, Texas; (b) liquidate the amount of his state court claim; *and* (c) seek to recover from the Debtors by way of settlement or judgment the proceeds of the Debtors' insurance policies." Ex. I, at ¶ 2. In other words, Plaintiff may pursue Defendant either in the 113th District Court or in any other forum where he can recover from Defendant by way of judgment.

the average, between 7 and 12 months for a case like Plaintiff's to be resolved in the United King-

dom, even in the highest court of the jurisdiction.[31]

By contrast, courts in Houston, both state and federal, are severely congested and have

been since at least the late 1980s.[32] *See Perez & Compania (Cataluna), S.A. v. M/V Mexico I*, 826

F.2d 1449, 1452 (5th Cir. 1987) (noting the high congestion of Houston federal and state courts at

the time). Thus, the congestion factor favors dismissal.

Texas has no local interest in resolving this case, because the incident giving rise to this

cause occurred in the United Kingdom, because Plaintiff is a British subject, because Rowan UK

is a British company, because Plaintiff received all treatment for his injuries in the United King-

dom, and because, by Plaintiff's own admission, no issue of Texas law is involved. Under similar

circumstances, a plaintiff was held to have failed to establish a local interest. *See Forsyth Int'l*

*(U.K.) Ltd. v. SS Penavel*, 630 F. Supp. 61, 63 (S.D. Ga. 1985). Nor should a jury in Houston be

"subjected to serving jury duty in connection with a matter of no local interest." *Perez Y. Compania*

*(Cataluna), S.A. v. Triton Pac. Maritime Corp.*, 647 F. Supp. 556, 560 (S.D. Tex. 1986).

Finally, no matter of Texas law is involved in this case. Plaintiff affirmatively pleaded that

the law of the Marshall Islands—the nation of Gorilla VII's flag—applied to his claims.[33] Defend-

ant contends that the laws of Scotland law apply. "The doctrine of forum non conveniens was

designed in part to help courts avoid conducting complex exercises in comparative law." *Perez &*

---

[31] Exhibit B, at 5.

[32] *U.S. District Courts—Civil Cases Pending, by District and Length of Time Pending*, ADMIN. OFFICE OF THE U.S. COURTS (Sep. 30, 2019), https://www.uscourts.gov/sites/default/files/data_tables/jb_c6_0930.2019.pdf (reporting that over a quarter of filed cases remain pending for over a year in the Southern District, with notable 5.6% pending for over three years).

[33] Dkt. 1, at ¶ 4.1.

*Compania (Cataluna), S.A.*, 826 F.2d at 1452. Retaining this case on the Court's docket will involve exactly such exercise.

Thus, all public factors favor dismissal of Plaintiff's case for forum non conveniens.

C. *The private factors weigh in favor of dismissal.*

Private factors include (1) the relative ease of access to sources of proof, (2) the availability of compulsory process, (3) the cost of obtaining attendance of willing witnesses, (4) the enforceability of a judgment if one is obtained, and (5) practical considerations concerning the administration of trial. *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 342 (5th Cir. 1999).

The Gorilla VII is based in Scotland, it is most readily accessible from the United Kingdom, and the relevant medical records, financial records, and business records are maintained abroad and available through process in the British courts.[34]

Plaintiff previously volunteered to provide himself and witnesses under his control to Defendant, as well as the records. However, it is the subpoena powers of the court that this consideration is concerned with, not Plaintiff's willingness to cooperate. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947).

Plaintiff's medical and business records are not subject to the Court's subpoena powers. Plaintiff cannot waive the National Health Service's sovereign immunity.[35] Plaintiff's willingness to cooperate does not subject his prior employers or affiliates in the United Kingdom to the Court's powers.[36] Stowen and its employees are not subject to the subpoena powers of the Court and are

---

[34] *See* Exhibit B, at 7-8, Exhibit E, at 17:22-18:3, 29:23-30:9, 30:21-31:1, 42:4-16, and 70:17-71:3.

[35] The NHS is an extension of the British government and enjoys sovereign immunity. *See* FED. R. CIV. P. 45(b) and 28 U.S.C. § 1783(a) (limiting the subpoena powers of the Court to U.S. citizens and residents).

[36] *Id.*

not subject to the parties' control. Stowen and Rowan UK's former employees are not subject to the parties' control and, by virtue of their citizenship, cannot be compelled to attend by this Court.

The premises is a rig that will be viewed and described by experts addressing Plaintiff's election to rest in the area of his injury. That rig is based in Scotland, it is accessed from Scotland when it is working, and it has worked in or adjacent to Scotland for ten years.[37] The premises are plainly more accessible from Scotland.

Finally, Plaintiff and Defendant would have to overcome a great deal of administrative and financial hurdles to procure even the willing witnesses. The Honorable Court may take notice that the cost of obtaining their attendance will involve overseas flights, hotel stays, and other travel expenses. As noted above, Plaintiff, the vast majority of eyewitnesses, Stowen employees, and Rowan UK employees are British citizens.[38] At this point in time, the entry of British citizens into the United States is suspended indefinitely until further notice. Proclamation No. 9996, 85 Fed. Reg. 15341 (Mar. 18, 2020). Thus, it is administratively impossible for either party to procure witnesses unless this case is tried in the United Kingdom.

Even without COVID-19, British citizens would need to take a transatlantic flight to reach Texas. The least expensive transatlantic flight would cost a party presenting witnesses approximately $500 per witness for a roundtrip flight.[39] The most economical airfare counsel identified

---

[37] *See* Deposition Testimony of Vincent Rivera at 70:17-71:3, attached hereto as Exhibit E.

[38] *See* Exhibits E through H.

[39] *See, e.g.*, SKYSCANNER, https://www.skyscanner.com/ (last visited Dec. 16, 2020).

for traversing the island of Great Britain is $33 for a roundtrip flight.[40] A roundtrip rail journey of the same mileage within the United Kingdom would cost approximately $150.[41]

Additionally, the forum selection clause in the Project Work Agreement between Plaintiff and Stowen weighs in favor of dismissal.  The agreement mandates the forum in the United Kingdom.[42] Specifically, Plaintiff agreed as follows:

> The parties irrevocably agree that the courts of England and Wales shall have exclusive jurisdiction to settle any dispute or claim that arises out of or in connection with this agreement or its subject matter or formation (including non-contractual disputes or claims).[43]

Plaintiff consented to jurisdiction in the United Kingdom for any claims arising out of his work on the Gorilla VII, including claims for personal injury.  The Court, thus, should deem the private factors to weigh in favor of dismissal.

Plaintiff may argue that the Master Service Agreement between Defendant and Stowen contains a forum selection clause as well. Said clause, however, is of no effect for the purposes of Plaintiff's claims.[44] Plaintiff's claims sound in tort and are unrelated to the Master Service Agreement. Nor is Plaintiff a named party or a beneficiary to the Agreement.

---

[40] *See, e.g.*, RYANAIR, https://www.ryanair.com/ (last visited Dec. 16, 2020).

[41] *See, e.g.*, AVANTI WEST COAST, http://www.avantiwestcoast.co.uk/ (last visited Dec. 16, 2020).

[42] Exhibit C.

[43] *Id.*

[44] The Master Service Agreement provision mandates the forum in Harris County only for disputes "arising [there]under." Exhibit D, at ¶ 5. There is no dispute between Defendant and Stowen under the Master Service Agreement. Nor would Plaintiff be in a position to enforce the provision, as Plaintiff is not a party or a third-party beneficiary to the Agreement. *See In re Wilmer Cutler Pickering Hale & Dorr LLP*, No. 05-08-01395-CV, 2008 Tex. App. LEXIS 9692, at *11-13, 2008 WL 5413097 (Tex. App.—Dallas Dec. 31, 2008, orig. proceeding [mand. denied]) (mem. op.) (holding that common law tort claims were not covered by the "instituted hereunder" language of the forum clause similar to the one in the Agreement and that plaintiff lacked the standing to enforce it because of that).

Thus, all private factors would militate dismissal for an inconvenient forum in favor of the United Kingdom.

## VI.    CONCLUSION AND PRAYER FOR RELIEF

This action should have been brought in Scotland. The United Kingdom is an available, alternative, and adequate forum for a speedy, inexpensive, and economical resolution of claims involving British subjects arising from an incident that took place in Scotland.  Public and private interest factors including the accessibility of evidence and availability of witnesses weigh heavily in favor of the British forum.

As such, Defendant, Rowan Companies, LLC f/k/a Rowan Companies, Inc., respectfully asks that the Court dismiss all Plaintiff's asserted causes of action with prejudice to refiling in any forum other than a forum in the United Kingdom and grant Defendant such other and further relief to which it may be justly entitled.

Respectfully submitted,

BROWN SIMS, P.C

By:
Michael D. Williams
Southern District I.D. No. 6982
*mwilliams@brownsims.com*
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (facsimile)

*Attorney in Charge for Defendant, Rowan Companies, LLC f/k/a Rowan Companies, Inc.*

*Of Counsel:*

Allen D. Hemphill
Texas Bar No. 00796740
ahemphill@brownsims.com
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (facsimile)

## Certificate of Service

This is to certify that a true and correct copy of the foregoing instrument has been served on all attorneys of record in accordance with the Federal Rules of Civil Procedure on December 22, 2020.

Michael D. Williams

17