# EXHIBIT H

Cause No. 2019-77381

| | | |
|---|---|---|
| DAVID COOK, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ROWAN COMPANIES, INC. a/k/a | § | |
| ROWAN DRILLING and ROWAN | § | |
| DRILLING (UK) LIMITED, | § | |
| | § | |
| Defendant. | § | 113th JUDICIAL DISTRICT |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR DISCLOSURE**

TO:  Defendant, ROWAN COMPANIES, INC., by and through its attorneys of record, Michael D. Williams, Allen Hemphill, Brown Sims, 1177 West Loop South, Tenth Floor, Houston, Texas 77027-9007.

COMES NOW, Plaintiff, DAVID COOK, and serves upon you his Responses to Defendant ROWAN COMPANIES, INC.'s Request for Disclosure.

Respectfully submitted,

DOYLE LLP

_____
MICHAEL PATRICK DOYLE
State Bar No. 06095650
PATRICK M. DENNIS
State Bar No. 24045777
JEFFREY AVERY
State Bar No. 24085185
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Phone: (713) 571-1146
Fax:     (713) 571-1148

1

service@doylelawfirm.com
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, do hereby certify that a true and correct copy of the foregoing document was forwarded to the following counsel of record on this the 29th day of January, 2020, via hand delivery, overnight courier, electronic mail, U.S. Mail, certified mail, return receipt requested, or facsimile, pursuant to the Texas Rules of Civil Procedure:

Michael D. Williams
Allen Hemphill
Brown Sims
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
**ATTORNEYS FOR DEFENDANT**

*/s/ Pat M. D.*

_____
PATRICK M. DENNIS

## PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR DISCLOSURE

(a) The correct names of the parties to the lawsuit.

**RESPONSE:**

    **Plaintiff:**    **David Cook**
    **Defendant:**    **ROWAN COMPANIES, INC. a/k/a ROWAN DRILLING and ROWAN DRILLING (UK) LIMITED**

(b) The name, address and telephone number of any potential parties.

**RESPONSE:**

**Plaintiff is not aware of any other potential parties at this time.**

(c) The legal theories and, in general, the factual basis of the responding party's claims or defenses.

**RESPONSE:**

**This case is brought under the laws of the Marshall Islands, laws under which the vessel Rowan Gorilla VII is flagged, which specifically incorporate and apply the non-statutory general maritime law of the United States of America. In the alternative, Mr. Cook brings his claims under Scottish law. Further in the alternative, Mr. Cook brings his claims under Texas law.**

**Mr. Cook has filed this suit due to the negligence of ROWAN and unseaworthiness of the ROWAN's vessel and its crew, the Rowan Gorilla VII, directly contributing to serious injuries to Mr. Cook onboard the vessel on or about April 4, 2018 ("the incident in question"). On the date of the incident in question, ROWAN, by and through the crew of the Rowan Gorilla VII, did not measure up to standard safety practices in maintaining a reasonable safe work space for the crewmembers on board the vessel for securing drill pipes. As a result, drill pipes left unsecured on the Rowan Gorilla VII collapsed onto Mr. Cook's right leg caused severe and permanently disabling injuries to Mr. Cook. The initial injuries included a fractured tibia, fractured fibula, two fractured toes, dislocated toes, injury to a big toe joint, deep vein thrombosis, and compartment syndrome. Treatment of this injuries has included various operations, including a fasciotomy to decompress pressure within the leg to save the leg from amputation (caused by compartment syndrome), skin grafting, and placement a metal rod four nails along the tibia, and a fusion of the MTPJ. In addition, the ongoing impacts of the injuries are anticipated to be permanent and life changing, including post-traumatic arthritis, further**

3

surgical treatment, and life-long treatment.

ROWAN was the owner, owner pro hac vice and/or operator of the Rowan Gorilla VII and were responsible for its dangerous and unseaworthy conditions, which was a legal cause of Mr. Cook's injuries. The dangerous and defective condition of the vessel violated applicable laws and regulations for vessels, and accordingly Defendants are liable for negligence, negligence per se, and in strict liability.

At the time of his injuries, Mr. Cook was assigned to work aboard Defendants' vessel, and his work contributed to the ultimate mission of the vessel. Mr. Cook would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries. To the contrary, the occurrence in which Mr. Cook was injured was proximately caused by the negligence, as that term is understood in law, on the part of Defendant.

Defendants, by and through their employees, representatives, and managers, were negligent in creating the dangerous condition that proximately resulted in Mr. Cook's injuries and in failing to provide adequate crew, equipment, operations and in other respects. Under the circumstances presented by Defendants' violations of law, Defendants are also liable for negligence per se.

The Rowan Gorilla VII was a vessel for which Defendants owed Mr. Cook a duty of seaworthiness. Defendants breached that duty because the Rowan Gorilla VII was not reasonably fit for its intended purposes, was dangerous, not reasonably safe, and unseaworthy as that term is legally defined.

The unseaworthiness of the Rowan Gorilla VII was a factual and legal cause of Mr. Cook's damages.

Mr. Cook re-alleges and incorporates each allegation in paragraphs of the Petition as if fully set forth herein.

The acts and omissions of Defendant, in conscious disregard of the safety of persons such as Mr. Cook, also rose to the level that would constitute gross negligence, in that Defendants acting through their employees/agents/representatives recklessly and dangerously failed to carry out its important safety obligations (or ratified such misconduct), justifying exemplary damages. Viewed objectively from the standpoint of Defendants at the time of the occurrences, the acts and omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety

4

**and welfare of others.  As a result of the gross neglect of Defendants, Mr. Cook was injured.**

**Exemplary damages are therefore mandated for Defendants' misconduct and violations of law.**

(d) The amount and any method of calculating economic damages.

**RESPONSE:**

**By reason of the incident in question, Mr. Cook sustained bodily injuries, and because of the nature and severity of the injuries sustained, he has suffered physical pain and mental anguish, and of reasonable probability will continue to suffer physical pain and mental anguish in the future.  At the time of the incident in question, Mr. Cook was a healthy, able-bodied workingman who sustained and will continue to suffer as a result of the incident physical impairment and disfigurement.**

**These very painful and disabling injuries have caused Mr. Cook to sustain a loss of earnings and wage-earning capacity in the past and this condition will exist in the future.  Because of the nature and severity of the injuries he has sustained, Mr. Cook has required medical treatment in the past, and in reasonable probability he will require other and additional medical treatment in the future.  Charges for such medical treatment that have been made in the past and those which of reasonable probability will be made in the future have been and will be reasonable charges made necessary by the occurrence in question.**

**In addition, due defendants contractual and extra-contractual breaches, Mr. Cook has suffered contractual damage,  compensatory damages for physical pain and suffering, mental and emotional distress, anxiety, and all other general damages alleged and proved at the time of trial, statutory interest, recovery of attorney fees, taxable costs incurred herein, pre- and post-judgment interest,  and punitive damages.**

**Mr. Cook would additionally say and show that he is entitled to recovery of pre-judgment interest in accordance with law and equity as part of his damages herein, and Mr. Cook here and now specifically sues for recovery of pre-judgment interest from the date of the incident made the basis of this suit until the date of the judgment herein, as provided by law and equity, under the applicable provisions of the laws of the State of Texas and the United States of America.**

(e)   The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

**RESPONSE:**

**David Cook**
**By and through her attorneys of record:**
**c/o DOYLE LLP**
**3401 Allen Parkway, Suite 100**
**Houston, Texas 77006**
**(713) 571-1146**

**Plaintiff has knowledge regarding the facts and circumstances surrounding the happening, incident, and/or occurrence made the basis of this suit.**

**Anna Cordova**
**76 Briardene Close**
**Backworth NE 27 0XQ**
**0798 001 0014**

**Anna Cordova is anticipated to describe her relationship with the Plaintiff and how the worry and stress caused by Defendant's acts and omissions have affected Plaintiff. Ms. Cordova also is expected to testify about how Defendant's negligence impacted her fiancée, including testimony about what she saw in him before vs. after Defendant's wrongful conduct. Plaintiff's fiancée has knowledge regarding the facts and circumstances surrounding the happening, incident, and/or occurrence made the basis of this suit.**

**Paul McGee- Construction Manager**
**Damon Douglas- Electrical Manager**
**Ricky Shearen- Co-worker**
**Andrew Dodds- Construction Manager**
**Ben Lupton- Co-worker**
**Kurt Ford- Co-worker**
**Liam Beales- Co-worker**
**Stowen Group Ltd.**
**Great Yarmouth**
**NR3 0NX, United Kingdom**
**+44 1493 653903**

**STOWEN GROUP LTD. and it's current and/or former Employer, Employees, Witnesses, and Representatives who have knowledge regarding Plaintiff's**

employment, facts and circumstances surrounding the happening, incident, and/or occurrence made the basis of this suit.

Matthew Powell
Kevin Sanderson
Pieter Steenkamp
Kirby Walker
Corporate Representative of ROWAN COMPANIES INC.
ROWAN COMPANIES INC.
By and through its attorneys of record:
BROWN SIMS
1177 West Loop South, Tenth Floor
Houston, TX 77027-9007
(713)629-1580

ROWAN COMPANIES INC. is a Defendant in this case.  It's current and/or former Employer, Employees, Witnesses, and Representatives who have knowledge regarding Plaintiff's employment, facts and circumstances surrounding the happening, incident, and/or occurrence made the basis of this suit.

Dr. Julie Ronald
Dr. Joaquim Goffin
Mr. Steven Dalgleish
Mr. Arpit Jariwala
Dr. Paul
Dr. Johnston
Dr. Goldman
Mr. Harding
Mr. Gavin Love
Dr. Porter
Dr. Andrew Reddick
Dr. Samanatha Choi
Ninewells Hospital
James Arrott Dr.
Dundee DD2 1SY, United Kingdom
+44 1382 660111

Dr. A Adedapo
Park View Medical Clinic
276 Marton Road
Minddlesbrough TS4 2NS
0167 052 9709

Mr. D.N. Townshend FRCS (T&O)

**Mr. N Hutt**
**Mr. Santosh Venkatachalam**
**North Tyneside General Hospital**
**Rake Lane NE29 8NH**
**North Shields**
**Tyne & Wear**
**0344 811 8111**

**Dr. Susan Quayle**
**Dr. Arvind Rajagopal**
**Dr. Emma Payne**
**Nicola Bennett**
**Dr. Daniel Fox**
**Carol Dryden- Nurse**
**Annette Pike- Nurse**
**Netherfield House Surgery**
**Station Rd. Seghill**
**Cramlington NE23 7EF, United Kingdom**
**+44 191 237 0643**

**Dr. Shona Campbell**
**University Hopsitals of Leicester HPB Unit**
**Gwendolen Rd.**
**Leicester LE5 4PW, United Kingdom**

**Mr. Roland Pratt**
**Northumbria Specialist Emergency Care Hospital**
**Northumbria Way**
**Cramlington NE23 6NZ, United Kingdom**
**+44 344 811 8111**

**Mr. Paul Partington**
**Dr. Iam Neilly**
**Wansbeck General Hospital**
**Woodhorn Ln**
**Ashington, NE63 9JJ, United Kingdom**
**+44 344 811 8111**

**One or more of Plaintiff's health care providers identified above may be called to testify about Plaintiff's condition resulting from his injuries in April 2018, its cause, his future prognosis, and future medical treatment, as well as the reasonableness and necessity of his past medical bills and future medical expenses. These health care providers are expected to be qualified by their training, experience, and education to testify as to the medical basis and**

> relationship between Plaintiff's condition and the acts and omissions of Defendants and their agents.
>
> Plaintiff will supplement as required by the Texas Rules of Civil Procedure or further Court order as to any retained experts who may be called to provide expert testimony at the trial of this matter.

(f) For any testifying expert:

(1) the expert's name, address, and telephone number;

(2) the subject matter on which the expert will testify;

(3) the general substance of the expert's medical impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

(4) if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

(a) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

(b) the expert's current resume and bibliography;

**RESPONSE:**

> Plaintiff will disclose his testifying experts in accordance with the deadlines set forth in a Docket Control Order entered by the Court in this cause, and in accordance with the Texas Rules of Civil Procedure.

(g) Any discoverable indemnity and insuring agreements;

**RESPONSE:**

> Plaintiff refers to any indemnity and insuring agreements within Defendants' possession.

(h) Any discoverable settlement agreements;

**RESPONSE:**

9

>    **None.**

(i)   Any discoverable witness statements described in Rule 192.3(h);

**RESPONSE:**

>    **Plaintiff refers Defendant to any incident reports and/or witness statements within Defendant's possession and to the witness statements produced with this production, including the police report and other witness statements.**

(j)   In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu therefore, an authorization permitting the disclosure of such medical records and bills.

**RESPONSE:**

>    **Plaintiff refers Defendant to documents labeled bates nos. 000001-000012 COOK, 000018-000242 COOK, and 000254-000265 COOK. Plaintiff will supplement as additional records become available.**

(k)   In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

**RESPONSE:**

>    **Plaintiff refers Defendant to documents labeled bates nos. 000001-000012 COOK, 000018-000242 COOK, and 000254-000265 COOK. Plaintiff will supplement as additional records become available.**

(l)   The name, address, and telephone number of any person who may be designated as a responsible third party.

**RESPONSE:**

>    **None to Plaintiff's knowledge.**