# EXHIBIT I

ENTERED
09/16/2020

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VALARIS PLC, *et al.*,[1] | ) | Case No. 20-34114 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**JOINT STIPULATION AND AGREED ORDER BETWEEN THE DEBTORS**
**AND DAVID COOK FOR LIMITED RELIEF FROM THE AUTOMATIC STAY**

This stipulation and agreed order (this "Stipulation") is made this 15 day of September, 2020 by each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and David Cook ("Cook," and together with the Debtors, the "Parties").

**Recitals**

WHEREAS, on October 22, 2019, Cook filed a lawsuit alleging various personal injury causes of action against certain of the Debtors in the 113th District Court of Harris County, Texas (Case No. 2019-77381) (the "Prepetition Litigation");

WHEREAS, the Debtors are the beneficiaries of insurance policies and indemnification arrangements that may cover damages awarded against the Debtors in the Prepetition Litigation;

WHEREAS, on August 19, 2020 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§101–1330

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://cases.stretto.com/Valaris. The location of Debtor Ensco Incorporated's principal place of business and the Debtors' service address in these chapter 11 cases is 5847 San Felipe Street, Suite 3300, Houston, Texas 77057.

(the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Texas

(the "Court");

WHEREAS, the Debtors are operating their businesses and managing their property as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, Cook holds an unliquidated, contingent claim against certain of the Debtors

(the "Claim");

WHEREAS, upon the filing of the Debtors' chapter 11 petitions, the automatic stay of

section 362 of the Bankruptcy Code came into effect and stayed certain actions against the Debtors,

including the Prepetition Litigation;

WHEREAS, the Debtors have determined that it is in the best interests of their estates and

their creditors that the Debtors stipulate to grant Cook relief from the automatic stay of

section 362(a) of the Bankruptcy Code to liquidate his claim and pursue recovery from available

insurance proceeds and/or third party indemnitors, if any, on the terms and conditions of this

Stipulation.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON

APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:

1.      Upon execution and Court approval of this Stipulation, the automatic stay shall be

lifted to allow Cook to pursue the Prepetition Litigation against the Debtors solely to the extent

necessary to liquidate the Claim.

2.      During the pendency of these chapter 11 cases, the stay is lifted to allow Cook to:

(a) pursue his state court claim in the 113th District Court of Harris County, Texas, (b) liquidate

the amount of his state court claim, and (c) seek to recover from the Debtors by way of settlement

or judgment the proceeds of the Debtors' insurance policies, their indemnitors' assets, or their

2

indemnitors' insurance policies without further approval of the Court. Cook shall take no action to collect amounts awarded in any judgment or settled in excess of available insurance proceeds from the Debtors, their indemnitors' assets, or their indemnitors' insurance policies without further order from this Court. However, without further order from the Court, Cook shall be able to pursue recovery of any amounts awarded in any judgment or settled in excess of available insurance proceeds, indemnitor's insurance proceeds, and indemnitors' assets, from the Debtors or their estates as a general unsecured claim consistent with the terms of the Debtors' confirmed chapter 11 plan; *provided* that nothing herein shall prejudice Cook's rights to seek additional relief from the Court, including, but not limited to, further stay relief, approval of a settlement agreement, or approval/collection of any judgment regarding the Claim.

3.      The modification of the automatic stay as set forth herein shall have no effect as to parties that are not a Party to this Stipulation, and the automatic stay shall remain in full force and effect with respect to such parties and their claims or causes of action, if any, against the Debtors or their estates.

4.      Nothing in this Stipulation is intended to, or shall be construed to, waive any defenses, setoffs, objections, counterclaims, or coverage defenses that the Debtors or the Debtors' applicable insurance carriers or indemnitors, or their representatives, may have with respect to the Prepetition Litigation.

5.      Nothing in this Stipulation or the relief sought herein shall constitute or be deemed: (a) an allowance of administrative expense claims under section 503(b) of the Bankruptcy Code; (b) an assumption or rejection of an executory contract or unexpired lease under section 365 of the Bankruptcy Code; or (c) a waiver of any of the Debtors' rights to dispute claims asserted against any Debtor in these chapter 11 cases.

6.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Stipulation.

7.     This Stipulation may be signed in counterparts and signatures may be delivered by fax or email, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Each person who executes this Stipulation on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

8.     This Stipulation constitutes the entire agreement between the Parties in respect of the subject matter hereof and shall not be modified, altered, amended, or vacated without the prior written consent of all Parties hereto.  No statement made or action taken in the negotiation of this Stipulation may be used by any party for any purpose whatsoever.

9.     Each Party represents and warrants to the other Party that it: (a) made this Stipulation freely and voluntarily and with full knowledge of its significance; and (b) has been represented by counsel of its own choice in the negotiations preceding the execution of this Stipulation and in connection with the preparation and execution of this Stipulation.

10.     Notwithstanding the possible applicability of Bankruptcy Rule 6004, 7062, and 9014, or otherwise, the terms and conditions of this Stipulation are immediately effective and enforceable upon its entry.

11.     The Court shall retain exclusive jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.  Any request for relief brought before the Court to resolve a dispute arising from or related to this Stipulation, and the matters agreed to herein, shall be brought on proper notice and in accordance with the relevant Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of Texas.

**IN WITNESS WHEREOF,** the Parties, by their authorized counsel, executed this Stipulation and Agreed Order as of the date written below.

Signed: September 16, 2020

_____
Marvin Isgur
United States Bankruptcy Judge

Acknowledged and Agreed By:
September 15, 2020

/s/ *Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER L.L.P** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Kristhy M. Peguero (TX Bar No. 24102776) | Anup Sathy, P.C. (admitted *pro hac vice*) |
| Genevieve Graham (TX Bar No. 24085340) | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| 1401 McKinney Street, Suite 1900 | Spencer A. Winters (admitted *pro hac vice*) |
| Houston, Texas 77010 | 300 North LaSalle Street |
| Telephone:     (713) 752-4200 | Chicago, Illinois 60654 |
| Facsimile:     (713) 752-4221 | Telephone:     (312) 862-2000 |
| Email:          mcavenaugh@jw.com | Facsimile:     (312) 862-2200 |
|                     kpeguero@jw.com | Email:          asathy@kirkland.com |
|                     ggraham@jw.com |                     rkwasteniet@kirkland.com |
| |                     spencer.winters@kirkland.com |

*Proposed Co-Counsel to the Debtors*        *Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*                       *and Debtors in Possession*

/s/ *Patrick M. Dennis*

**DOYLE LLP**
Michael Patrick Doyle (TX Bar No. 06095650)
Patrick M. Dennis (TX Bar No. 24045777)
Jeffrey Avery (TX Bar No. 24085185)
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Telephone:      (713) 571-1146
Facsimile:      (713) 571-1148
Email:          service@doylelawfirm.com

*Counsel to David Cook*