## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID COOK, | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | CAUSE NO. 4:20-CV-03811 |
| ROWAN COMPANIES, INC. and | ) | |
| ROWAN DRILLING (U.K.) | ) | |
| LIMITED, | ) | |
| *Defendants.* | ) | |

## DEFENDANT ROWAN COMPANIES, LLC'S REPLY TO PLAINTIFF'S
## RESPONSE TO DEFENDANT'S MOTION TO DISMISS
## FOR FORUM NON CONVENIENS

Respectfully submitted,

BROWN SIMS, P.C

By:
Michael D. Williams
Southern District I.D. No. 6982
*mwilliams@brownsims.com*
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (facsimile)

*Attorney in Charge for Defendant,*
*Rowan Companies, LLC.*

*Of Counsel:*
Allen D. Hemphill
Texas Bar No. 00796740
*ahemphill@brownsims.com*
Elizabeth L. Sandoval
Texas Bar No. 24058095
Southern District I.D. No. 1037409
*esandoval@brownsims.com*
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (facsimile)

## TABLE OF CONTENTS

TABLE OF AUTHORIES ................................................................................................ 3

I.   SUMMARY ........................................................................................................ 6

II.  ARGUMENT AND AUTHORITIES ............................................................... 7

    A.   The Court Should Rule First on its Motion to Dismiss for Forum
        Non Conveniens ........................................................................................ 7

    B.   Defendant Did Not Stipulate That Harris County Was the Sole Forum
        Available ..................................................................................................... 8

        1.   The Forum-Selection Clause in the Rowan-Stowen Contract Does
            Not Apply to Plaintiff's Tort Claims ............................................ 8

        2.   The Stipulation Lifting the Bankruptcy Stay is Not a Forum-
            Selection Clause and Does Not Waive the Forum Non Conveniens
            Defense or Objection ....................................................................... 13

        3.   The Bankruptcy Stay Does Not Permanently Prohibit Plaintiff from
            Seeking a Remedy in the United Kingdom ................................... 13

    C.   The Public and Private Factors Continue to Favor a Forum in the
        United Kingdom ...................................................................................... 14

        1.   The Relative Ease of Access to Sources of Proof and Availability
            of Compulsory Process Favor Dismissal ..................................... 15

        2.   The Practical Considerations Concerning the Administration of the
            Trial Favor Dismissal ..................................................................... 18

        3.   The Administrative Difficulties Arising from Court Congestion
            Favor Dismissal ............................................................................... 18

        4.   Texas Does Not Have a Local Interest in this Matter and a Texas
            Jury Should Not Be Burdened with Hearing this Case ............................. 19

        5.   The Laws of Scotland Supply the Substantive Law Applicable to
            Plaintiff's Claims ............................................................................. 20

# TABLE OF AUTHORITIES

*Alliance Family of Cos. v. Nevarez,*
    No. 05-18-00622-CV, 2019 Tex. App. LEXIS 2728, at *6-7, 2019 WL 1486911
    (Tex. App.—Dallas Apr. 4, 2019, no pet.) (mem. op.) ........................................... 10

*Atl. & Gulf Stevedores, Inc. v. Revelle Shipping Agency, Inc.,*
    750 F.2d 457 (5th Cir.1985) .................................................................................. 10

*Baumgart v. Fairchild Aircraft Corp.,*
    981 F.2d 824 (5th Cir. 1993) ................................................................................. 14

*Berg v. AMF,*
    29 S.W.3d 212 (Tex. App.—Houston [14th Dist.] 2000, no pet.) .......................... 22

*Coats v. Penrod Drilling Corp.,*
    61 F.3d 1113 (5th Cir. 1995) ................................................................................. 21

*ConocoPhillips Co. v. Graham,*
    2012 Tex. App. LEXIS 2461 (Tex. App.—Houston [1st Dist.] Mar. 29, 2012
    pet. Denied) ........................................................................................................... 12

*Cuevas v. Reading & Bates Corp.,*
    770 F.2d 1371 (5th Cir. 1985) ............................................................................... 24

*First Union Nat'l Bank v. Richmont Capital Partners I, L.P.,*
    168 S.W.3d 917 (Tex. App.—Dallas 2005, no pet.) .............................................. 11

*Galustian v. Peter,*
    591 F.3d 724 (4th Cir. 2010) ................................................................................. 18

*Greenburg Traurig of New York, P.C. v. Moody,*
    161 S.W.3d 56 (Tex. App – Houston [14th Dist.] 2004, no pet.) .......................... 22

*Greenway Park Townhomes Condo. Ass'n, Inc. v. Brookfield MUD,*
    575 S.W.2d 90 (Tex. Civ. App.—Houston [14th Dist.] 1978, no writ)................. 10

*Gulf Oil Corp. v. Gilbert,*
    330 U.S. 501 (1947) ........................................................................................ 15, 16

*Gutierrez v. Collins,*
    583 S.W.2d 312 (Tex. 1979) ................................................................................. 22

*Hellenic Lines, Ltd. v. Rhoditis,*
    398 U.S. 306 (1970) .............................................................................................. 21

*In re Air Crash Disaster Near New Orleans,*
    821 F.2d 1147 (5th Cir. 1987)(en banc), *vacated on other grounds sub nom.*
    *Pan American World Airways, Inc. v. Lopez*, 490 U.S. 1032 (1989),
    *reinstated except as to damages*, 883 F.2d 17 (5th Cir. 1989)(en banc) ......... 14, 15

*In re Bayer Materialscience, LLC,*
   265 S.W.3d 452 (Tex. App.—Houston [1st Dist.] 2007, no pet.).........................11

*In re GE Co.,*
   271 S.W.3d at 689 (2007) ......................................................................................16

*In re T.L. James & Co.,*
   33 Fed. Appx. 703 (5th Cir. 2002) .......................................................................10

*In re Wilmer Cutler Pickering Hale & Dorr LLP,*
   No. 05-08-01395-CV, 2008 Tex. App. LEXIS 9692, *11-13, 2008 WL
   5413097 (Tex. App.— Dallas Dec. 31, 2008, orig. proceeding [mand.
   denied]) (mem. op.) .........................................................................................9, 12

*Jewels v. Christie's, Inc.,*
   231 F.R.D. 488 (N.D. Tex. 2005) ...........................................................................9

*K & V Sci. Co. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW"),*
   314 F.3d 494, (10th Cir. 2002) ............................................................................13

*Koke v. Phillips Petroleum Co.,*
   730 F.2d 211 (5th Cir. 1984) ...............................................................................23

*Lauritzen v. Larsen,*
   345 U.S. 571 (1953) ..............................................................................................21

*MCI Telecomms. Corp. v. Tex. Util. Elec. Co.,*
   995 S.W.2d 647 (Tex. 1999) .................................................................................10

*M.J.R. Corp. v. B & B Vending Co.,*
   760 S.W.2d 4 (Tex. App.--Dallas 1988, writ denied) ..........................................10

*Pain v. United Techs. Corp.,*
   637 F.2d 775 (D.C. Cir. 1980).........................................................................15, 17

*Piper Aircraft Co. v. Reyno,*
   454 U.S. 235 (1981) ...................................................................................18, 19, 22

*Schertenleib v. Traum,*
   589 F.2d 1156 (2d Cir. 1978) ...............................................................................17

*Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.,*
   549 U.S. 422 (2007) ................................................................................................7

*Stine v. Stewart,*
   80 S.W.3d 586 (Tex. 2002) ...................................................................................12

*Vaz Borralho v. Keydril Co.,*
   696 F.2d 379 (5th Cir. 1983) ...............................................................................24

*Villar v. Crowley Mar. Corp.,*
  990 F.2d 1489 (5th Cir. 1993) .............................................................. 23

*Vinson v. Am. Bureau of Shipping,*
  318 S.W.3d 34 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) .................... 17

*Vizacarra v. Roldan,*
  925 S.W.2d 89 (Tex. App.- El Paso 1996, no writ) ................................................ 22

*Whitten v. Vehicle Removal Corp.,*
  56 S.W.3d 293 (Tex. App.—Dallas 2001, pet. denied) ......................................... 11


FED. R. CIV. P. 45 ........................................................................................ 16

Restatement (Second) of Conflict of Laws §6(2) (1971) ........................................ 21, 22

Restatement (Second) of Conflict of Laws §145(2) (1971) ............................................. 22

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DAVID COOK, | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | CAUSE NO. 4:20-CV-03811 |
| ROWAN COMPANIES, INC. and | ) | |
| ROWAN DRILLING (U.K.) | ) | |
| LIMITED, | ) | |
| *Defendants.* | ) | |

**DEFENDANT ROWAN COMPANIES, LLC'S REPLY TO PLAINTIFF'S**
**RESPONSE TO DEFENDANT'S MOTION TO DISMISS**
**FOR FORUM NON CONVENIENS**

To the Honorable Judge Sim Lake:

COMES NOW Defendant, Rowan Companies, LLC f/k/a Rowan Companies, Inc., and files its Reply to Plaintiff's Response to Defendant's Motion to Dismiss for Forum Non Conveniens, respectfully showing as follows:

## I.   <u>SUMMARY</u>

The facts of this case are very simple.  Plaintiff, a resident of the United Kingdom, filed a lawsuit in Texas for injuries he sustained while working for British companies on a foreign-flagged and foreign-owned vessel located off the coast of Scotland. The personnel allegedly responsible for placing and/or securing the pipe that rolled onto Plaintiff's leg causing his injures as well as those directly involved in the oversight of that condition are located in the United Kingdom.  Five out of the seven eyewitnesses to the incident are residents of the United Kingdom. The entirety of Plaintiff's medical care took place in the United Kingdom through the National Health Service. Plaintiff's economic damages involve damages in the United Kingdom. Scottish law should apply to a tort

claim arising in Scotland when the Plaintiff, companies, and the vast majority of witnesses and evidence are located in the United Kingdom.   This case should be dismissed in favor of a forum in Scotland.

## II.    ARGUMENT AND AUTHORITIES

### A.    The Court Should Rule First on its Motion to Dismiss for Forum Non Conveniens.

In *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.,* the United States Supreme Court held that a district court is authorized to respond at once to a defendant's forum non conveniens plea, and need not take up first any other threshold objection. 549 U.S. 422, 425 (2007). In particular, a court need not resolve whether it has authority to adjudicate the cause or personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is the more suitable arbiter of the merits of the case.   *Id.* Ruling first on a motion to dismiss for forum non conveniens promotes judicial economy and the unnecessary consideration of other motions.

A district court should dispose of an action by a forum non conveniens dismissal "when considerations of convenience, fairness, and judicial economy so warrant." *Id.* at 432.  For the convenience of all the parties and witnesses, this matter belongs in Scotland. The Plaintiff is a British citizen, the accident occurred in Scotland and was witnessed by and involved residents of the United Kingdom, and the Plaintiff was treated solely in the United Kingdom.  Fairness dictates that this matter be litigated in Scotland.  Additionally, were the Court to take up Plaintiff's motion to remand first and deny the motion, the Court would then need to spend further time addressing the forum non conveniens motion.  On the other hand, were the Court to grant a remand, then the state court would need to expend additional time and resources in adjudicating the forum non conveniens issue.

Thus, judicial economy warrants that the motion to dismiss for forum non conveniens be addressed first and that this matter be dismissed in favor of venue in Scotland.

**B.**   **Defendant Did Not Stipulate That Harris County Was the Sole Forum Available.**

Seeking to avoid any analysis of the private and public interest factors of the forum non conveniens doctrine—factors which favor a Scottish forum--Plaintiff erroneously argues that the Defendant has contractually agreed to Texas as the exclusive forum for the Plaintiff's claims against the Defendants.  First, he argues that a forum-selection clause concerning the *contractual* obligations between Stowen and Rowan Companies, Inc. requires the application of Texas law to the Plaintiff's *tort* claims against the Rowan Defendants.  Second, he argues that that the stipulation lifting the bankruptcy stay to allow the Plaintiff to seek recovery from the Defendants' insurers and indemnitors constitutes a forum-selection clause, waiving any right to assert forum non conveniens.  Both of these arguments are without merit.

**1.**   **The Forum-Selection Clause in the Rowan-Stowen Contract Does Not Apply to Plaintiff's Tort Claims.**

The Plaintiff argues that a forum-selection provision in a Master Service Agreement between Rowan Companies, Inc. and Stowen, Ltd. somehow applies to his tort claims against Rowan.  That forum-selection clause reads in part as follows:

> The interpretation, construction and effect of this Agreement, and all rights and obligations of the Parties **arising hereunder**, shall be governed exclusively by the General Maritime Law of the United States ... Rowan and SUBCONTRACTOR [Stowen] hereby submit to the exclusive jurisdiction of the state and federal courts of Harris County, Texas, and waive any right whereby a Party might be entitled to **submit any dispute hereunder** to the courts of another county, parish, state or country... [1]

---

[1] *See* Dkt. 12, Exhibit D at ¶5.

However, as an initial matter, the contract that Plaintiff relies on is not between Plaintiff and either of the Defendants. Nor is it for Plaintiff's benefit. Plaintiff, like other individual British workers, is not a signatory or party to the Master Service Agreement. The contract simply specifies the contractual rights and obligations between Rowan Companies, Inc. and Stowen Ltd.  It is generally not concerned with a British citizen's tort claims against Rowan.  The forum-selection clause in that contract is applies to the contractual rights and obligations under the contract.  By its plain language, the forum-selection clause is of limited application and applies *only* to disputes arising under the agreement.  There is nothing to suggest that Stowen and Rowan intended to make the forum-selection clause apply to the nonsignatory Plaintiff's direct tort claims against Rowan.  Certainly, that clause does not state or appear to imply that Rowan can force a British individual to litigate in Texas his tort claims arising in Britain, and the Plaintiff does not make such a claim.

The Plaintiff asserts negligence, unseaworthiness, and gross negligence claims against Defendant.[2]  Plaintiff is not suing on the rights and obligations created by the agreement. He asserts *no* such claims against Defendants,[3] and therefore Plaintiff's reliance on the clause is misplaced.[4]

Plaintiff's reliance on *Jewels v. Christie's, Inc.* , 231 F.R.D. 488 (N.D. Tex. 2005), is also unfounded.  In that case, the plaintiff and the defendant entered into an agreement containing a forum-selection clause.  *Id.* at 490.  The plaintiff's cause of action was for

---

[2] *See* Plaintiff's Original Petition on file with the Honorable Court as Dkt. 1, Exhibit C-1 at ¶¶ 5.1 -7.3.

[3] *Id.*

[4] *See In re Wilmer Cutler Pickering Hale & Dorr LLP*, No. 05-08-01395-CV, 2008 Tex. App. LEXIS 9692, *11-13, 2008 WL 5413097 (Tex. App.—Dallas Dec. 31, 2008, orig. proceeding [mand. denied]) (mem. op.) (holding that common law tort claims were not covered by the "instituted hereunder" language of the forum clause similar to the one *sub judice* and that that plaintiff lacked the standing to enforce it because of that).

breach of fiduciary duty, and the Northern District of Texas concluded that the plaintiff's fiduciary claims were necessarily premised on non-performance of the contract, and that therefore the forum-selection clause applied.  *Id.* at 492.  However, in the case at bar, the Plaintiff was not a party to the Master Service Agreement, and his claims are not premised on the Defendant's direct contractual obligation to the him.[5]

Not being a party to the Master Service Agreement, Plaintiff attempts to argue that he is a third-party beneficiary with respect to the entire agreement.  However, as he himself points out in his Response brief, there is a strong *presumption* "*against findings that a stranger to a contract is a third-party beneficiary*, so as to confer legal standing to enforce the contract's stated obligations, *even if the contract expressly states that one of the signatories may have obligations to that stranger.*" *MCI Telecomms. Corp. v. Tex. Util. Elec. Co.,* 995 S.W.2d 647, 652 (Tex. 1999). A party is presumed to contract only for its own benefit, and intent to benefit a third party must be clearly apparent.[6] All doubt should be resolved against the third party.  *Greenway*, 575 S.W.2d at 91. "A court will not create a third-party beneficiary contract by implication.  *MCI*, 995 S.W.2d at 651.

To sue as a third-party beneficiary, a claimant must show (1) the obligation to the third party is fully developed; (2) the contracting parties unmistakably contemplated benefiting the claimant; and (3) the contract vests in the claimant the right to sue to

---

[5] *See Alliance Family of Cos. v. Nevarez*, No. 05-18-00622-CV, 2019 Tex. App. LEXIS 2728, at *6-7, 2019 WL 1486911 (Tex. App.—Dallas Apr. 4, 2019, no pet.) (mem. op.) (holding that an agreement similar to the one in the present case, requiring arbitration of any "dispute under this Agreement," did not apply to the plaintiff's tort claims).

[6] *Id., see also In re T.L. James & Co.,* 33 Fed. Appx. 703 (5th Cir. 2002), *citing Atl. & Gulf Stevedores, Inc. v. Revelle Shipping Agency, Inc.,* 750 F.2d 457, 459 n. 3 (5th Cir.1985); *M.J.R. Corp. v. B & B Vending Co.,* 760 S.W.2d 4, 12 (Tex. App.--Dallas 1988, writ denied), *Greenway Park Townhomes Condo. Ass'n, Inc. v. Brookfield MUD,* 575 S.W.2d 90, 91 (Tex. Civ. App.—Houston [14th Dist.] 1978, no writ).

enforce the contract.[7]  The burden is on the claimant to adduce proof of parties' intent to benefit the claimant and rebut the presumption that the parties contracted only for themselves.[8]  Plaintiff failed to meet his evidentiary burden and his claims must fail as well.

Plaintiff appears to argue that he is a third-party beneficiary of one contractual indemnification provision in the Master Service Agreement.  He argues that he is a member of the "Subcontractor Group," as that term is defined in the agreement, and that Rowan is required to contractually indemnify the Subcontractor Group for any claims "made by any member of ROWAN GROUP against any member of SUBCONTRACTOR GROUP."[9]  The problem with this argument is that no member of the Rowan Group is making a claim against the Plaintiff in this case.  Rather, it is the Plaintiff who is asserting a claim against the Rowan Group, and such a claim gives rise under the Master Service Agreement to a right by the Rowan Group.[10]  Thus, the Plaintiff has no existing right as a third-party beneficiary under the indemnification provision of the agreement.

Yet, even if the Plaintiff were a third-party beneficiary of Rowan's single, isolated contractual indemnification obligation to the Subcontractor Group, it does not follow that Plaintiff would qualify as a third-party beneficiary of all rights and obligations under the agreement for all purposes.  It does not follow that the Plaintiff would be entitled to

---

[7] *In re Bayer Materialscience, LLC*, 265 S.W.3d 452, 456 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Plaintiff did not address at least two of the necessary elements.

[8] *Whitten v. Vehicle Removal Corp.*, 56 S.W.3d 293, 312 (Tex. App.—Dallas 2001, pet. denied) (burden is on claimant to rebut the presumption), *First Union Nat'l Bank v. Richmont Capital Partners I, L.P.*, 168 S.W.3d 917, 930 (Tex. App.—Dallas 2005, no pet.) (the claimant "must come forward with more than mere intuition, conclusory allegations, improbable inferences, and unsupported speculation").

[9] *See* Dkt. 12, Exhibit D at ¶ 6.1.

[10] *Id.*

enforce the forum-selection clause against Rowan with respect to the Plaintiff's tort claim against Rowan.  And Plaintiff cites no authority supporting such a contention.

Plaintiff relies on *Stine v. Stewart*, 80 S.W.3d 586 (Tex. 2002), but that case is also inapplicable. In *Stine*, the plaintiff sued to enforce a contract, claiming she was a third-party beneficiary.  *Id.* at 588. The plaintiff loaned money to her daughter and son-in-law to be repaid in installments.  *Id.*  The daughter and son-in-law divorced, putting in their divorce agreement that the plaintiff–referred to by name–would be paid by defendant on the occurrence of a specified event. Defendant did not pay, and plaintiff sought to enforce the divorce agreement as a third-party beneficiary. *Id.* The court held that she met the third-party beneficiary requirements. *Id.* at 593. However, the facts of *Stine* have nothing whatsoever to do with the facts of this case.  The Plaintiff is not suing the Defendant based on a specific contractual obligation owed by the Defendant to the Plaintiff.

Plaintiff's citation of *ConocoPhillips Co. v. Graham*, 2012 Tex. App. LEXIS 2461 (Tex. App.—Houston [1st Dist.] Mar. 29, 2012, pet. Denied), is similarly unavailing.  In that case, employees expressly agreed to arbitrate disputes with their employer and the employer's clients. 2012 Tex. App. LEXIS 2461, at *16-17.  The court held that ConocoPhillips, as a client of the employer, was permitted to enforce the arbitration agreement when sued by an employee. *Id.* at *3.  However, in the present case, the Plaintiff is not a specifically identified beneficiary of the forum-selection clause with respect to the Plaintiff's tort claims.  *See In re Wilmer Cutler Pickering Hale*, 2008 Tex. App. LEXIS 9692, at *11-13.

As Plaintiff is not a party or third-party beneficiary of the Rowan-Stowen contract and as the forum-selection clause does not apply to the Plaintiff's tort claims against the Defendants, that clause does not require that Plaintiff's claims be brought in Texas.

2.     **The Stipulation Lifting the Bankruptcy Stay is Not a Forum-Selection Clause and Does Not Waive the Forum Non Conveniens Defense or Objection.**

Plaintiff misconstrues the language and intent of the bankruptcy stipulation and order.[11]  Defendant merely "stipulate[d] to grant Cook relief from the automatic stay of section 362(a) of the Bankruptcy Code to liquidate his claim and pursue recovery from available insurance proceeds and/or third party indemnitors."[12]  The parties stipulated that the bankruptcy could be lifted so that Plaintiff could proceed with the lawsuit, which at the time was pending in Harris County.  There was no agreement in the stipulation that Plaintiff was *only or exclusively* allowed to pursue his case in the 113th District Court of Harris County, Texas.[13]  Defendant never agreed that the litigation could not dismissed for forum non conveniens.  In fact, in his Response, the Plaintiff neglects to mention that the stipulation expressly provides: "**Nothing in this Stipulation is intended to, or shall be construed to, waive any defenses, setoffs, objections, counterclaims, or coverage defenses that the Debtors or the Debtors' applicable insurance carriers or indemnitors, or their representatives, may have with respect to the Prepetition Litigation.**" [14]  Therefore, by entering into the stipulation, Defendants did not waive their right to assert forum non conveniens.

3.     **The Bankruptcy Stay Does Not Permanently Prohibit Plaintiff from Seeking a Remedy in the United Kingdom**.

---

[11] *See* Dkt. 12. Exhibit I at 2.

[12] *Id.*

[13] *Id. see also K & V Sci. Co. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW")*, 314 F.3d 494, 500 (10th Cir. 2002)

[14] *Id.* at 3.

Plaintiff argues that the bankruptcy stay renders Scotland unable to provide a remedy. Defendant addressed this issue in its Motion. In *Baumgart v. Fairchild Aircraft Corp.*, German citizens were killed in an aircraft accident in Germany. 981 F.2d 824 (5th Cir. 1993). Their relatives brought several suits in Texas state court against the Defendants. *Id.* at 827. One of the Defendants, Fairchild, had significant contacts with Texas and filed a bankruptcy petition in the U.S. district court, for reasons unrelated to the personal injury suits. *Id* at 828. Fairchild then removed all the actions to the bankruptcy court, alleging the suits were related to the bankruptcy proceeding. *Id.* After the district judge issued an order lifting the automatic stay, Fairfield moved to dismiss on forum non conveniens grounds. *Id.* Fairchild's motion was granted and affirmed on appeal. *Id.* Just as in *Baumgart*, the motion to dismiss for forum non conveniens can be granted and the suit may be refiled in the foreign forum, where it is far more convenient to litigate.

**C.**    **The Public and Private Factors Continue to Favor a Forum in the United Kingdom.**

Plaintiff cites to *In re Air Crash Disaster Near New Orleans* for the proposition that Defendant has the burden to prove all elements in the forum non conveniens analysis. 821 F.2d 1147, 1164 (5th Cir. 1987)(en banc), *vacated on other grounds sub nom. Pan American World Airways, Inc. v. Lopez*, 490 U.S. 1032 (1989), *reinstated except as to damages*, 883 F.2d 17 (5th Cir. 1989)(en banc). However, Plaintiff fails to note that the en banc Fifth Circuit held that a Defendant does not need to prove each factor. *Id.* at 1165-66. The district court weighs the factors and determines whether those factors favor dismissal for forum non conveniens. Specifically, the Fifth Circuit stated:

> If the district court finds that the private interests do not weigh in favor of the dismissal, it must then consider the public interest factors. We agree

with the District of Columbia Circuit when it stated that "even when the private conveniences of the litigants are nearly in balance, a trial court has discretion to grant forum non conveniens dismissal upon finding that retention of jurisdiction would be unduly burdensome to the community, that there is little or no public interest in the dispute or that foreign law will predominate if jurisdiction is retained."

*Id.* (citing to *Pain v. United Technologies Corp.*, 637 F.2d 775, 792 (D.C. Cir.1980)).

Although Defendant in this case has established that all the private and public factors support dismissal in favor of Scotland, the Fifth Circuit in *In re Air Crash Disaster* made it clear that even when some factors are not met, the district court can weigh the remaining factors in making its determination.

### 1. The Relative Ease of Access to Sources of Proof and Availability of Compulsory Process Favor Dismissal.

Plaintiff argues that Defendant has not identified specific documents or the specific locations for the necessary evidence. Defendant clearly laid out the need for Plaintiff's medical records from his various British providers and facilities that are run by the National Health Service ("NHS") in the United Kingdom.[15]  In its Motion, Rowan referenced Plaintiff's response to request for disclosures that identifies in great detail Plaintiff's healthcare providers, all of whom are located in the United Kingdom.[16] Regardless of Plaintiff's claimed willingness to provide his medical and financial records, it is the subpoena powers of the court that this consideration is concerned with, not Plaintiff's willingness to cooperate. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947).

Defendant identified the medical, financial, and business records that are necessary for the adjudication of this case. Plaintiff alludes to his ability to obtain his own

---

[15] *See* Dkt. 12. Exhibit H at 7-8.

[16] *Id.*

records.[17] Plaintiff's willingness does not make the NHS amenable to the subpoena powers of the Honorable Court.[18]  Nor does it subject Plaintiff's prior employers or affiliates in the United Kingdom to the Court's power to compel.[19] Plaintiff claims extensive damages, the determination and computation of which depend on the availability of foreign records. The custodians of those records, by Plaintiff's own admission, are beyond the subpoena powers of this Court.  The absence of the subpoena powers alone weighs heavily in favor of a forum non conveniens dismissal to ensure that each party has an opportunity to present its argument in a forum where both would be on an equal footing.[20]

Further, Plaintiff claims that Defendant failed to identify specific key witnesses that are beyond the subpoena power of this Court.   Plaintiff's assertions are untrue.  As Defendant made clear, the vast majority of *eyewitnesses* to the incident are residents of the United Kingdom.[21] This information comes as no surprise to Plaintiff as it was disclosed in discovery in the state case and referenced in footnotes and attached as exhibits to Defendant's Motion.[22]  Contrary to Plaintiff's assertions, these eyewitnesses are not "insignificant."   In fact, as the witnesses to Plaintiff's accident as well as the medical professionals who provided Plaintiff's care are undoubtedly "the most relevant",

---

[17] *See* Dkt. No. 17 at 10-11.

[18] Not least by virtue of being a foreign sovereign. *See also* FED. R. CIV. P. 45 (limiting the range of subpoena powers of the Honorable Court to 100 miles within the recipient's place of residence, is employed or regularly transacts business).

[19] *Id.*

[20] *In re GE Co.*, 271 S.W.3d at 689 ("requiring parties to litigate a case such as this in Texas until it becomes clear that it is 'impossible' to defend the case due to unavailability of evidence and fact witnesses because they are beyond the reach of compulsory process is a waste of private and public resources") (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947)).

[21] *See* Dkt. 12, Exhibits E through H.

[22] *Id.*

16

the private interests do not favor Texas as those witnesses reside mostly in the United Kingdom. *Vinson v. Am. Bureau of Shipping,* 318 S.W.3d 34, 48 (Tex. App.—Houston [1st Dist.] 2010, pet. Denied).  Witnesses addressing the fact finder via live testimony are far preferable to video testimony or the reading of deposition transcripts and clearly favor a Scottish forum. *See Schertenleib v. Traum,* 589 F.2d 1156, 1165 (2d Cir. 1978) ("inability to bring [witnesses] here for live cross-examination before a fact-finder" is "perhaps the most significant problem" making adjudication in a United States court inappropriate)

Plaintiff's argument that under the Hague Evidence Convention, this court has the power to mandate a foreign witness to appear for a deposition is also incorrect.  The Hague Evidence Convention governs the conveyance of requests to compel evidence. The treaty aids litigants, but does not mandate or require foreign courts to grant requests for discovery in all circumstances.[23]   Further, limitations also exist as to the scope of discovery permitted by individual countries. [24]  But "regardless of whether or not foreign evidence would be as fully available were trial to be conducted here, there can be little

---

[23] The Hague Convention on the Taking of Evidence Abroad to which the United States, France, Norway, and Great Britain are all signatories specifies that when a party fails to secure a witness' voluntary cooperation by notice or commission procedure, it may seek discovery via a letter rogatory or a letter of request from an American judge for the assistance of a foreign judicial authority. Although the **Hague Evidence Convention** provides a mechanism whereby the recipient nation's executing authority is required to assist an American court with such compulsory force as its own courts can exercise in a pretrial evidentiary situation, numerous exceptions to this international obligation exist, which potentially bar this device from being executed at all. For example, foreign judicial cooperation may be withheld altogether if the discovery assistance requested is deemed prejudicial to state sovereignty. *See Pain v. United Techs. Corp.,* 637 F.2d 775, 788-89 (D.C. Cir. 1980).

[24] Furthermore, even when discovery abroad is available, the breadth of evidence ordinarily expected from a full-fledged American-style deposition might be constricted for any number of reasons: the foreign state's own procedures might limit or foreclose cross-examination, full participation of counsel might not be allowed, or a verbatim record might not result, thus limiting admissibility of the testimony in an American court. The scope of foreign privilege might prove broader under the letter rogatory procedure than under either local law or American law, and in some cases, official translators might be required for each piece of paper involved. *Id.* at 790.

doubt that the cost to the litigants of employing such procedures would be exceedingly high." [25]

Finally, the "possibility" of viewing the premises, the Rowan Gorilla VII, is much greater in the United Kingdom where the rig is located. Even if some of the conditions have changed since the date of the accident, Defendants are entitled to have its experts visit the location and observe the layout of the rig and equipment first-hand. Plaintiff's expert's decision not to visit or inspect the site has no bearing on the defense experts and their intention to exercise their due diligence in investigating this matter.

### 2. The Practical Considerations Concerning the Administration of the Trial Favor Dismissal.

Defendant's residence is not dispositive to the question of a convenient forum. *Galustian v. Peter*, 591 F.3d 724, 732 (4th Cir. 2010). Plaintiff is a British citizen with no apparent connections to Texas. As a foreign plaintiff, his choice of forum deserves less deference than normally given.[26] He was injured on a rig in British territorial waters while working for British companies. The evidence before the Court establishes that the accident at issue occurred through alleged actions and inactions in the United Kingdom and that the vast majority of eyewitnesses and all medical providers are available in the United Kingdom. Under such circumstances, the most convenient and inexpensive forum is the United Kingdom.

### 3. The Administrative Difficulties Arising from Court Congestion Favor Dismissal.

---

[25] *Id.*

[26] "When the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any forum non conveniens inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981).

Plaintiff points to the COVID-19 pandemic as evidence that the courts in Scotland and in Texas are equally back-logged, but fails to account for the congestion of the courts before the pandemic.  The state of the Scottish courts before the pandemic was such that cases similar to Plaintiff's were usually heard within seven to twelve months of the answer's being filed.[27]  By contrast, over a quarter of filed cases remained pending for over a year in the Southern District of Texas.[28]  The congestion of the Texas courts with the added burden of COVID-19 delays favors dismissal.

Additionally, opening Texas courts to foreign workers injured on foreign projects while working for foreign companies will unjustifiably increase the congestion of local courts to the detriment of the local citizens who should have access to those courts. *See Piper Aircraft Co., v. Reyno*, 454 U.S. 235, 252 (1981). In *Piper,* Scottish citizens were killed in an aircraft crash that occurred in Scotland. *Id.*  The decedents' survivors filed suit in the United States because it was perceived as more favorable, and because American defendants manufactured parts of the plane in the United States.  *Id.* However, the Supreme Court ordered the case dismissed on forum non conveniens grounds. *Id.* The Court stated that although there is ordinarily a strong presumption in favor of the plaintiff's choice of forum, "that presumption applies with less force when the plaintiff or real parties in interest are foreign." *Id.* at 255.   The Court reasoned that United States courts are "already extremely attractive to foreign plaintiffs" and that open access will necessarily increase court crowding. *Id.* at 252.

### 4.    Texas Does Not Have a Local Interest in this Matter and a Texas Jury Should Not Be Burdened with Hearing this Case.

---

[27] Dec. of Kay Springham at 4-5, Dkt. 12, Ex. B at 4-5.

[28] *U.S. District Courts––Civil Cases Pending, by District and Length of Time Pending*, ADMIN. OFFICE OF THE U.S. COURTS (Sep. 30, 2019), https://www.uscourts.gov/sites/default/files/data_tables/jb_c6_0930.2019.pdf

Texas has no local interest in resolving a case with a British plaintiff who was injured while working for a British company on a rig located off the coast of Scotland, and treated by medical providers in the United Kingdom.  The location of Defendant's accounts receivable department or its books is of no relevance to Plaintiff's accident.  Likewise, the fact that the Defendant parent company's CEO is located in Houston has no bearing on this case.  As Defendant's corporate representative testified, the Offshore Installation Manager ("OIM") on board the Rowan Gorilla VII has the ultimate authority to decide what is safe on the vessel.[29]  Although certain general policies and procedures were developed in Houston by some support staff, the staff could not understand all the details and specifics of the rig; therefore, it was the OIM on location that would adjust the procedures to fit the rig.[30]  The actual rig-specific operating procedures that included the job risk assessment for the particular work being done on the Gorilla VII were developed and implemented in Scotland.  The actions or omissions made on the rig off the coast of Scotland, thousands of miles away from Texas, are the basis of this action, not the location of the CEO of Defendant's parent company.

**5.    The Laws of Scotland Supply the Substantive Law Applicable to Plaintiff's Claims.**

Plaintiff alleges that United States maritime law governs this case based on the proposition that this law is adopted by the Gorilla VII's flag state, the Marshall Islands.[31]  Plaintiff recognizes, however, that this may not be the case, also pleading that Scottish

---

[29] *See* Dkt 12, Exhibit E at 17:22-18:5; 29:17-31:13.

[30] *Id.*

[31] *See* Dkt. 1, Exhibit C-1, p. 3 at 4.1.

law and Texas law apply.[32] Plaintiff is incorrect that United States maritime law or Texas law can apply, and Plaintiff is correct that Scottish law applies.

When there is a question regarding the application of Unites States maritime law, federal courts apply the federal maritime conflict of laws analysis under the line of cases beginning with *Hellenic Lines, Ltd. v. Rhoditis*, 398 U.S. 306 (1970), and *Lauritzen v. Larsen*, 345 U.S. 571 (1953).  The *Lauritzen-Rhoditis* analysis requires consideration of (1) the place of the wrongful act, (2) the law of the flag, (3) the allegiance or domicile of the injured worker, (4) the allegiance of the defendant shipowner, (5) the place of the contract, (6) the inaccessibility of the foreign forum, (7) the law of the forum, and (8) the shipowner's base of operations. *Coats v. Penrod Drilling Corp.*, 61 F.3d 1113, 1119 (5th Cir. 1995). The place of the alleged wrongful act was in Scotland, Plaintiff's domicile and allegiance is in and to the United Kingdom, the shipowner is from Luxembourg but the operator is based in the United Kingdom, Plaintiff and Stowen both entered their contracts in the United Kingdom, Scotland is more accessible to all parties than Houston, Scottish law provides an adequate remedy, and the Gorilla VII was based out of Scotland.[33] The flag state adopts general maritime law, but in "brown water" work involving largely stationary rigs rather than "blue water" transport ships, the place of the wrongful act, the allegiance of the worker, the place of contract, and, particularly, the shipowner's base of operations are more significant factors. *See Lauritzen v. Larsen*, 345 U.S. at 583; *Coats*, 61 F.3d at 1119.[34]

---

[32] *Id.*

[33] *See* Dkt 12, Exhibit E at 17:22-18:3, 29:23-30:9, 30:21 -31:1, 42:4-16 and 70:17-71:3.

[34] There are meaningful conflicts between the laws of Scotland and the laws of Texas. *See generally*, Dkt. 12, Exhibit B, Declaration of Kay Springham, at pp. 10-22. Scottish law would also apply under the Texas courts' customary Restatement analysis. Under the Restatement analysis, the general factors to be considered, as set forth by Section 6 of the Restatement (Second) of Torts are: (a) the needs of the interstate

As the laws of Scotland supply the substantive law applicable to Plaintiff's claims, the need to apply foreign law is, alone, a sufficient reason to find that the public interests weigh in favor of dismissal of Plaintiff's claims in favor of refiling in the appropriate forum. *Berg v. AMF*, 29 S.W.3d 212, 218 (Tex. App.—Houston [14th Dist.] 2000, no pet.). But in *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981), the U.S. Supreme Court noted that even though Scottish law might well apply, it was not necessary to conclusively resolve that factor: "The doctrine of *forum non conveniens*, however, is designed in part to help courts avoid conducting complex exercises in comparative law. As we stated in *Gilbert*, the public interest factors point towards dismissal where the court would be required to 'untangle problems in conflict of laws, and in law foreign to itself.'" *Id.* at 251.

---

and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied. Restatement (Second) of Conflict of Laws §6(2) (1971); *see also Gutierrez v. Collins*, 583 S.W.2d 312 (Tex. 1979). When applying these principles to a tort case, important considerations are (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered. Restatement (Second) of Conflict of Laws §145(2) (1971); *see also Gutierrez*, 583 S.W.2d at 319. These additional factors must be considered in view of the policy factors set out in Section 6 of the Restatement. *Vizacarra v. Roldan*, 925 S.W.2d 89 (Tex. App.- El Paso 1996, no writ). Generally, the state where the act or omission occurs has a real interest in applying its law in order to implement the state's regulatory policy as reflected in that law. *Greenburg Traurig of New York, P.C. v. Moody*, 161 S.W.3d 56, 73 (Tex. App – Houston [14th Dist.] 2004, no pet.).

In this case, the analysis would require application of Scottish law, as that law has the most meaningful connections with, and interests in, the claims and causes of action alleged in Plaintiff's Original Petition. Looking at the specific factors to be considered, the alleged acts and damages that are the subject of the lawsuit occurred in Scotland. Plaintiff is a citizen of the United Kingdom who agreed to work and was working in Scotland. While Rowan Companies maintains an office in Texas, the acts that are the subject of Plaintiff's Original Petition did not occur in Texas, but rather in the United Kingdom. Rowan UK is based in Scotland. Stowen is based in the United Kingdom and agreed to work and was working in Scotland. Texas has no interest in regulating the acts at issue and Scotland has every interest in regulating local entities and those doing business in its confines. The laws of Scotland demand the application of Scottish law in this situation and the parties could only expect Scottish law to apply. *See* Dkt. 12, Exhibit B, Declaration of Kay Springham, at p.4. Further, the relationship between Plaintiff, Stowen, Rowen Companies, and Rowan UK was centered in Scotland and entirely concerned work in the Dundee shipyard that Plaintiff voluntarily undertook.

Plaintiff suggests that the Defendant must show there is a difference between U.S. maritime law and Scottish law.  However, as the Plaintiff himself acknowledges, there *are* differences between U.S. maritime law and Scottish law.  Just one such example is that Scottish law does not permit the award of punitive damages, which the Plaintiff has expressly pled in this case.[35]  There is no requirement that the Defendant demonstrate all of the differences between those two laws.  Moreover, the Defendant's Scottish law expert points out that in Scotland, judicially approved guidelines for the calculation of a plaintiff's damages are provided to the jury. [36] The Plaintiff asserts a false dichotomy between substantive law and procedural law, and he cites no authority that such guidelines are deemed purely procedural.  In fact, those guidelines are more substantive in nature, since they affect the amounts of the damages awarded.  Certainly, a Scottish court is more familiar with such guidelines, and those guidelines would be of more relevance to a British jury that is familiar with the economic and social circumstances in the United Kingdom.

Finally, Defendant would point out that the Fifth Circuit has repeatedly granted dismissal on forum non conveniens grounds in circumstances like those in the present case, where a foreign plaintiff was injured or killed while working on a drilling rig or local vessel in foreign waters.  *See Villar v. Crowley Mar. Corp.*, 990 F.2d 1489, 1492 (5th Cir. 1993) (Decedent from the Philippines worked in Saudi Arabia as crewmember aboard a tugboat registered under Panama's flag; matter dismissed by California state and federal courts, as well as the Ninth and Fifth Circuits based on forum non conveniens); *Koke v. Phillips Petroleum Co.*, 730 F.2d 211, 212 (5th Cir. 1984) (Plaintiffs were British subjects

---

[35] *See* Dkt. 1, Exhibit C-1, p. 6 at 8.3.

[36] *See* Dkt. 12, Exhibit B, Declaration of Kay Springham, at p.7.

who worked as divers aboard a vessel in the Norwegian section of the North Sea); *Vaz Borralho v. Keydril Co.*, 696 F.2d 379, 382 (5th Cir. 1983) (Decedent was a Brazilian seaman who died of injuries sustained on board a drilling rig off the Brazilian coast); *Cuevas v. Reading & Bates Corp.*, 770 F.2d 1371, 1373 (5th Cir. 1985) (Plaintiffs were employees or survivors of employees from the Philippines who were injured or killed while working on a on a rig in Saudi Arabian waters).

WHEREFORE, PREMISES CONSIDERED, Defendant Rowan Companies, LLC f/k/a Rowan Companies, Inc., respectfully asks that the Court dismiss all Plaintiff's asserted causes of action with prejudice to refiling in any forum other than a forum in the United Kingdom and grant Defendant such other and further relief to which it may be justly entitled.

Respectfully submitted,

BROWN SIMS, P.C

By:
Michael D. Williams
Southern District I.D. No. 6982
*mwilliams@brownsims.com*
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (facsimile)

*Attorney in Charge for Defendant, Rowan Companies, LLC*

*Of Counsel:*

Allen D. Hemphill
Texas Bar No. 00796740
*ahemphill@brownsims.com*
Elizabeth L. Sandoval
Texas Bar No. 24058095
Southern District I.D. No. 1037409
*esandoval@brownsims.com*
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (facsimile)


## Certificate of Service

This is to certify that a true and correct copy of the foregoing instrument has been served on all attorneys of record in accordance with the Federal Rules of Civil Procedure on February 9, 2021.


_____
Michael D. Williams