IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID COOK, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-20-3811 |
| § | |
| ROWAN COMPANIES, INC. and § | |
| ROWAN DRILLING (U.K.) LTD., § | |
| § | |
| Defendants. § | |

## ORDER OF TRANSFER TO THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS

Plaintiff, David Cook, filed this action on October 22, 2019, in the 113th District Court of Harris County, Texas, Cause No. 2019-77381, against defendants, Rowan Companies, Inc. a/k/a Rowan Drilling ("Rowan Companies") and Rowan Drilling (U.K.) Limited ("Rowan Drilling"), for negligence, unseaworthiness, and gross negligence under the laws of the Marshall Islands and, alternatively, under the law of Scotland or Texas.[1] On November 9, 2020, defendant Rowan Companies, L.L.C. filed Debtor Rowan Companies, LLC's Notice of Removal ("Notice of Removal") (Docket Entry No. 1). Pending before the court are Plaintiff David Cook's Motion to Remand ("Motion to Remand") (Docket Entry No. 7) and Defendant Rowan Companies, LLC's Motion to Dismiss for Forum Non Conveniens (Docket Entry No. 12). For the reasons explained below, this action will be transferred to the Bankruptcy Court.

---

[1] Plaintiff's Original Petition and Jury Demand ("Plaintiff's Petition"), Exhibit C-1 to Notice of Removal, Docket Entry No. 1-3.

## I. Background

Plaintiff initiated this action against defendants on October 22, 2019, by filing Plaintiff's Petition in the 113th District Court of Harris County, Texas, Cause No. 2019-77381.[2] Plaintiff's Petition summarizes the parties' dispute as follows:

> 4.2 Mr. Cook has filed this suit due to the negligence of ROWAN and unseaworthiness of the ROWAN's vessel and its crew, the Rowan Gorilla VII, directly contributing to serious injuries to Mr. Cook onboard the vessel on or about April 4, 2018 ("the incident in question"). On the date of the incident in question, ROWAN, by and through the crew of the Rowan Gorilla VII, did not measure up to standard safety practices in maintaining a reasonable safe work space for the crewmembers on board the vessel for securing drill pipes. As a result, drill pipes left unsecured on the Rowan Gorilla VII collapsed onto Mr. Cook's right leg caus[ing] severe and permanently disabling injuries to Mr. Cook. The initial injuries included a fractured tibia, fractured fibula, two fractured toes, dislocated toes, injury to a big toe joint, deep vein thrombosis, and compartment syndrome. Treatment of []his injuries has included various operations, including a fasciotomy to decompress pressure within the leg to save the leg from amputation (caused by compartment syndrome), skin grafting, and placement [of] a metal rod four nails along the tibia, and a fusion of the MTPJ. In addition, the ongoing impacts of the injuries are anticipated to be permanent and life changing, including post-traumatic arthritis, further surgical treatment, and life-long treatment.
>
> 4.3 ROWAN was the owner, owner _pro hac vice_ and/or operator of the Rowan Gorilla VII and were responsible for its dangerous and unseaworthy conditions, which was a legal cause of Mr. Cook's injuries. The dangerous and defective condition of the vessel violated applicable laws and regulations

---

[2]Plaintiff's Petition, Exhibit C-1 to Notice of Removal, Docket Entry No. 1-3.

>    for vessels, and accordingly Defendants are liable for negligence, negligence per se, and in strict liability.
>
> 4.4 At the time of his injuries, Mr. Cook was assigned to work aboard Defendants' vessel, and his work contributed to the ultimate mission of the vessel. Mr. Cook would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries. To the contrary, the occurrence in which Mr. Cook was injured was proximately caused by the negligence, as that term is understood in law, on the part of Defendant.[3]

Based on these allegations of fact, Plaintiff's Petition asserts claims against both defendants for negligence, unseaworthiness, and gross negligence.[4]

On December 9, 2019, Rowan Companies filed its Original Answer in state court.[5]

On December 30, 2019, Rowan Drilling filed a Special Appearance and Original Answer in state court asserting

> Rowan UK is a Scottish corporation without an office or significant presence in the State of Texas. Because Rowan UK lacks the minimum contacts necessary for this Honorable Court's exercise of personal jurisdiction, its Special Appearance should be granted, and it should be dismissed from this action.[6]

---

[3] Id. at 3-4 ¶¶ 4.2-4.4. Page numbers contained in citations to the Petition and to the parties' briefs refer to the native page numbers at the bottom of the page.

[4] Id. at 4-5 ¶¶ 5.1 and 6.1-7.3.

[5] Defendant Rowan Companies, Inc.'s Original Answer to Plaintiff's Original Petition, Exhibit C-4 to Notice of Removal, Docket Entry No. 1-6.

[6] Rowan Drilling (UK) Limited's Special Appearance and Original Answer, Exhibit C-5 to Notice of Removal, Docket Entry No. 1-7, p. 1 ¶ 1.

## II. Notice of Removal

On August 21, 2020, Rowan Companies filed Rowan Companies, Inc.'s Suggestion of Bankruptcy and Notice of Automatic Stay in state court stating:

> On August 19, 2020, Rowan Companies, Inc. and Rowan Drilling (UK) Limited filed petitions for relief under Chapter 11 of the United State[s] Code (Case Nos. 20-34154 and 20-34716 jointly administered under 20-34114) in the U.S. Bankruptcy Court for the Southern District of Texas.[7]

On September 16, 2020, the Bankruptcy Court approved a Joint Stipulation agreeing to lift the automatic stay "to allow Cook to pursue the Prepetition Litigation against the Debtors solely to the extent necessary to liquidate the Claim."[8] The Joint Stipulation states that

> [d]uring the pendency of these chapter 11 cases, the stay is lifted to allow Cook to: (a) pursue his state court claim in the 113th District Court of Harris County, Texas, (b) liquidate the amount of his state court claim, and (c) seek to recover from the Debtors by way of settlement or judgment the proceeds of the Debtors' insurance policies, their indemnitors' assets, or their indemnitors' insurance policies without further approval

---

[7]Rowan Companies, Inc.'s Suggestion of Bankruptcy and Notice of Automatic Stay, Exhibit C-7 to Notice of Removal, Docket Entry No. 1-9, p. 1 ¶ I. See also Official Form 201: Voluntary Petition for Non-Individuals Filing for Bankruptcy for Debtor Rowan Companies, LLC a/k/a Rowan Companies, Inc., Exhibit D-1 to Notice of Removal, Docket Entry No. 1-12; Official Form 201: Voluntary Petition for Non-Individuals Filing for Bankruptcy for Debtor Rowan Drilling (U.K.) Limited, Exhibit D-2 to Notice of Removal, Docket Entry No. 1-13; and Order (I) Directing Joint Administration of the Chapter 11 Cases and (II) Granting Related Relief, Exhibit D-3 to Notice of Removal, Docket Entry No. 1-14.

[8]Joint Stipulation and Agreed Order Between the Debtors and David Cook for Limited Relief from the Automatic Stay, Exhibit 2 to Motion to Remand, Docket Entry No. 7-3, p. 2 ¶ 1.

of the Court. Cook shall take no action to collect amounts awarded in any judgment or settled in excess of available insurance proceeds from the Debtors, their indemnitors' assets, or their indemnitors' insurance policies without further order from this Court[, i.e., the Bankruptcy Court]."[9]

Almost two months later, on November 9, 2020, defendant, Rowan Companies, removed the state court case to this court. The first paragraph of the Notice of Removal states that

> Debtor, Rowan Companies, LLC f/k/a Rowan Companies, Inc. ("Debtor"), files its Notice of Removal, under 28 U.S.C. § 1452(a), in accordance with Rule 9027 of the Federal Rules of Bankruptcy Procedure, and in accordance with the United States District Court for the Southern District of Texas' General Order 2012-6.[10]

28 U.S.C. § 1452 governs "Removal of claims related to bankruptcy cases." Barring exceptions, none of which apply in this case, the first paragraph of General Order 2012-6 states that "Bankruptcy cases and proceedings arising under Title 11 or arising in or related to a case under Title 11 of the United States Code are automatically referred to the bankruptcy judges of this district."[11]

The "Bases for Removal" stated in the Notice of Removal are (1) "Creditor's state court suit is a proceeding arising under Title 11, or arising or related to a case under Title 11;"[12]

---

[9] Id. at 2-3 ¶ 2. See also Order on Plaintiff's Unopposed Motion to Lift Stay and Place this Matter on the Active Docket, Exhibit C-8 to Notice of Removal, Docket Entry No. 1-10.

[10] Notice of Removal, Docket Entry No. 1, p. 1.

[11] In re: Order of Reference to Bankruptcy Judges, No. 2012-6 (S.D. Tex. May 24, 2012).

[12] Notice of Removal, Docket Entry No. 1, p. 3 ¶ 3.1.

-5-

(2) "Mandatory abstention in favor of a state forum does not apply;"[13] (3) "Diversity jurisdiction and fraudulent joinder of Rowan Drilling (U.K.) Limited;"[14] and (4) "Admiralty Jurisdiction."[15]

While there does not appear to be any doubt that the claims asserted in the state court case are at least related to a case under Title 11, and that mandatory abstention in favor of the state forum does not apply, neither of the other two asserted bases for removal support a finding of federal jurisdiction.

In support of diversity jurisdiction the removing defendant states that "[i]n his state court Petition, Creditor [i.e., Plaintiff] pleaded that he was a citizen of the United Kingdom."[16] "Debtor, Rowan Companies LLC f/k/a Rowan Companies, Inc., is a Delaware corporation with the right to transact business in Texas."[17] These allegations are insufficient to establish diversity jurisdiction because the defendant has not identified either the LLC's members or their states of citizenship. "The citizenship of a L[imited] L[iability] C[ompany] is determined by the citizenship of all of its members." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008). See also Carden v. Arkoma Associates,

---

[13] Id. at 5 ¶ 3.2.

[14] Id. at 6 ¶ 3.3.

[15] Id. at 8 ¶ 3.4

[16] Id. at 3 ¶ 2.1.

[17] Id. at 3 ¶ 2.2.

110 S. Ct. 1015, 1021 (1990) ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members. We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members[.]'") (citations omitted). When members of a limited liability company are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability company. See Mullins v. TestAmerica, Inc., 564 F.3d 386, 397-98 (5th Cir. 2009). See also Alphonse v. Arch Bay Holdings, L.L.C., 618 F. App'x 765, 768 (5th Cir. 2015) (per curiam) ("[N]o case law has suggested that [the conclusion reached in Harvey, 542 F.3d at 1080,] may be disregarded when one of the LLC's members is an artificial entity comprised of additional entities."). Because the bankruptcy filings of Rowan Companies L.L.C. attached to the Notice of Removal state that its sole member is Valaris plc located in London, United Kingdom,[18] and because the Notice of Removal alleges that plaintiff is a citizen of the United Kingdom, the parties are not diverse. Moreover, since the bankruptcy filings of Rowan Companies attached to the Notice of

---

[18]Official Form 201: Voluntary Petition for Non-Individuals Filing for Bankruptcy for Debtor Rowan Companies, LLC a/k/a Rowan Companies, Inc., Exhibit D-1 to Notice of Removal, Docket Entry No. 1-12, p. 1.

Removal state that its principal place of business is Houston, Texas,[19] if Rowan Companies is a corporation as opposed to a limited liability entity, and its principal place of business is located in Texas, it is a citizen of Texas precluded from removing by 28 U.S.C. § 1441. In pertinent part § 1441 states that

> [a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2). The court therefore concludes that regardless of whether Rowan Companies is a limited liability entity or a corporation, it has not stated facts establishing diversity jurisdiction.

In support of admiralty jurisdiction the removing defendant states that "[f]ederal courts have original jurisdiction over claims asserted under the general maritime law of the United States." U.S. Const. art. III, § 1, <u>Romero v. International Terminal Operating Co.</u>, 79 S. Ct. 468, 477 n.23 (1959) ("claims for damages under the general maritime law are [] case[s] of admiralty and maritime jurisdiction [under the Constitution]"). However, since plaintiff originally filed this action in state court,

> under the Savings to Suitors Clause, it is transformed into a case at <u>law,</u> as opposed to admiralty. The federal

---

[19]Official Form 201: Voluntary Petition for Non-Individuals Filing for Bankruptcy for Debtor Rowan Companies, LLC, a/k/a Rowan Companies, Inc., Exhibit D-1 to Notice of Removal, Docket Entry No. 1-12, p. 2.

district courts thus do not have original jurisdiction under the Savings to Suitors Clause, which provides original jurisdiction over "[a]ny civil case of <u>admiralty or maritime</u> jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

<u>Sanders v. Cambrian Consultants (CC) America, Inc.</u>, 132 F. Supp. 3d 853, 858 (S.D. Tex. 2015) (quoting 28 U.S.C. § 1333 (emphasis added), and citing <u>Gregoire v. Enterprise Marine Services, LLC</u>, 38 F. Supp. 3d 749, 759-62 (E.D. La. 2014)). <u>See Belanger v. McDermott International, Inc.</u>, Civil Action No. H-19-1591, 2019 WL 5595452, *1 (S.D. Tex. October 30, 2019) ("This court has previously held that general maritime claims are not removable because federal district courts 'do not have original jurisdiction under the Savings to Suitors Clause.'").

Because the only valid basis for removing this action from state to federal court is the removing defendant's assertion that "Creditor's state court suit is a proceeding arising under Title 11, or arising or related to a case under Title 11,"[20] and because barring exceptions not applicable to this case, General Order 2012-6 of the Southern District of Texas automatically refers to bankruptcy judges "cases and proceedings arising under Title 11 or arising in or related to a case under Title 11 of the United States Code,"[21] the court concludes that this action should

---

[20]Notice of Removal, Docket Entry No. 1, p. 3 ¶ 3.1.

[21]<u>In re: Order of Reference to Bankruptcy Judges</u>, No. 2012-6 (S.D. Tex. May 24, 2012).

be transferred to the Bankruptcy Court for the Southern District of Texas.

### III. Conclusions and Order of Transfer

For the reasons stated above, this action is **TRANSFERRED** to the United States Bankruptcy Court for the Southern District of Texas, which is administering the Chapter 11 bankruptcy cases of the two defendants, In re Rowan Companies, LLC (Case No. 20-34154) and In re Rowan Drilling (U.K.) Limited (Case No. 20-34716), jointly administered under Case No. 20-34114.

**SIGNED** at Houston, Texas, on this the 10th day of March, 2021.

```
                    _____
                              SIM LAKE
                    SENIOR UNITED STATES DISTRICT JUDGE
```